GERTRUDE B. MURRAY, Respondent, *v.* NEW YORK LIFE INSURANCE COMPANY, Appellant.

Where an answer admits all the allegations in the complaint necessary to be established to make out the cause of action, and sets up an affirmative defense, defendant has the affirmative of the issue, and the right to open and close the case. The fact that the complaint alleges facts not essential for plaintiff to aver or prove, and that the same are denied by the answer, does not deprive defendant of such right.

Two policies of life insurance issued by defendant contained each a condition that if the insured should die in consequence of " the violation of the laws of any nation, State or province," the policy should be void. The complaint, in an action upon the policies, alleged that the death was not caused by the breaking of any of the conditions. Copies of the policies were annexed. The answer denied this allegation, and alleged that the insured died in consequence of a violation by him of the laws of this State. It admitted that defendant issued the two policies, copies of which were annexed to the complaint, and begged leave to refer to the originals when they should be produced; it admitted the other allegations of complaint. *Held,* that the answer admitted all the material facts required to be established by plaintiff to maintain the action ; that defendant had the affirmative of the issue and the right to open and close the case, and a denial of this right was error ; that the allegation in the complaint that no condition was broken was not essential to the cause of action ; plaintiff was not required to prove it, and the insertion and denial thereof did not deprive defendant of his right to the affirmative; also that the request in the answer to refer to the original policies was not a denial and did not require proof of them.

*Murray* v. *N. Y. Life Ins. Co.* (19 Hun, 350), reversed.

(Argued April 18, 1881 ; decided April 26, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made the second Monday of December, 1879, which affirmed a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial. (Reported below, 19 Hun, 350.)

This action was brought upon two policies of insurance issued by defendant to plaintiff upon the life of her husband, Wisner Murray.

The substance of the pleadings is set forth in the opinion.

When the cause was called for trial defendant claimed the affirmative of the issue. This was denied, and exception taken.

*Joseph H. Choate* for appellant. The defendant was entitled to open and close the case, and the court erred in refusing it that right. (*Millard* v. *Thorn*, 56 N. Y. 405; *Jones* v. *Brooklyn Life Ins. Co.*, 61 id. 79; *Van Valkenburg* v. *Am. Pop. Life Ins. Co.*, 70 id. 605; *Gray* v. *Gardner et al.*, 17 Mass. 188; *Cotheal* v. *Talmadge*, 1 E. D. Smith, 576; *Hoxie* v. *Greene*, 37 How. Pr. 100; *Cluff* v. *Mut. Ben. L. Ins. Co.*, 99 Mass. 317; 13 Allen, 308; *Stormont* v. *Waterloo L. & Cas. Ass. Co.*, 1 F. & F. 22; *Hill* v. *Fox*, id. 136; *Covertson* v. *Conn. Mut. L. Ins. Co.*, 3 Ins. L. J. 113; *N. Y. L. Ins. Co.* v. *Graham*, 2 Duvall [Ky.], 506; *Miller* v. *Mut. B. L. Ins. Co.*, 34 Iowa, 222; *Swick* v. *Home L. Ins. Co.*, 2 Dillon, 160; *Holabird* v. *Atl. L. Ins. Co.*, id. 166; *Leete* v. *Gresham L. Ins. Co.*, 15 Jur. 1161; *S. C.*, 7 Eng. L. & Eq. 578; *Hackman* v. *Fernie*, 3 M. & W. 505; *S. C.*, 2 Jur. 444; *Craig* v. *Fenn*, 1 Car. & Marsh. 43.) The refusal of the court below to recognize the defendant's right to open and close was error, for which the verdict must clearly be set aside and a new trial granted. (*Millerd* v. *Thorne*, 56 N. Y. 405; *Greene* v. *White*, 37 id. 407; *Elwell* v. *Chamberlain*, 31 id. 611; *Huntington* v. *Conkey*, 33 Barb. 218; *Hoxie* v. *Greene*, 37 How. Pr. 97; *Brennan* v. *Security L. Ins. Co.*, 4 Daly, 296; *Lindsley* v. *Europ. Pet. Co.*, 3 Lans. 176; *S. C.*, 41 How. Pr. 56; *Carter* v. *Jones*, 6 C. & P. 64; *Mercer* v. *Whall*, 5 Ad. & El. [N. S.]

447; *Doe* v. *Brayne,* 5 Man. G. & S. 655; *Geach* v. *Ingersoll,* 14 M. & W. 95; *Ashley* v. *Bates,* 15 id. 589.) The court erred in refusing to charge as requested by defendant's counsel, that the affray in question was not over while Spencer Murray held Mr. Berdell, and in leaving that question, which was a pure question of law, to the jury to determine. (Addison on Torts, 735; Russell on Crimes, 49–50; *Reg.* v. *Jackson,* 7 Cox's C. C. 357; *Rex* v. *Towle,* R. & R. 314; *Wixon* v. *The People,* 5 Park. Cr. 129; *U. S.* v. *Sharp,* 1 Pet. C. C. 126.) The death of the insured was the direct, immediate consequence of the assault which he had made on Berdell, and plaintiff is, therefore, not entitled to recover. (*Cluff* v. *Mut. Ben. L. Ins. Co.,* 13 Allen, 308; 99 Mass. 317; 3 Lans. 347; 45 N. Y. 431; *Shaler* v. *Railway Pass. Ass. Co.,* 5 Bigelow's Cases, 331; *McClure* v. *Mut. L. Ins. Co.,* 55 N. Y. 651; *Weed* v. *Mut. Ben. D. Ins. Co.,* 70 id. 561.)

*Charles H. Winfield* for respondent. The insured was not when killed engaged in the commission of an unlawful act within the provisions of the policy. (*Goetzman* v. *Connecticut Life Ins. Co.,* 3 Hun, 515; *Bradley* v. *Mutual Ben. L. Ins. Co.,* 45 N. Y. 422; *Cluff* v. *Mutual Ben. L. Ins. Co.,* 13 Allen [Mass.], 318; 99 Mass. 317; *Harper's Adm'r* v. *The Phœnix L. Ins. Co.,* 18 Mo. 109; 1 Bigelow's Life and Accident Insurance Cases, 300; *Overton* v. *St. Louis Mut. Ins. Co.,* 39 Mo. 122; 1 Bigelow, 208, 265, 313, 341, 512; 4 Hill, 74; 55 N. Y. 169; 4 Seld. 272; Vol. 2, pp. 680, 681, 682, §§ 3, 4, 11, 12, 18, 19, 36; Id. vol. 3, p. 148; Wharton's Crim. Law, §§ 935, 970, 971, 989, 1020, 1021, 1022, 1025; 11 Hun, 631; 1 Hill, 377, 436; 2 Abb. [N. S.] 148; 2 N. Y. 193; 3 id. 396; 4 Black. Com. 180, 183, 184, 185, 186.)

MILLER, J. The right of a party holding the affirmative upon an issue of fact upon trial to open and close the evidence, and upon the final submission of the case to the jury to reply in summing up the case is too well settled to admit of any question. And when such right is denied by the judge upon the

trial, such denial furnishes ground for exception, which is the subject of review upon appeal. (*Millerd* v. *Thorn*, 56 N. Y. 402.) The defendant in this case clearly held the affirmative of the issue upon trial, and the judge erred in refusing to allow the defendant to open and close the case in accordance with such right. The complaint was upon two policies of insurance, copies of which were attached, each of which contained a provision as follows, that: "If the person whose life is hereby insured shall   *   *   *   die in, or in consequence of a duel, or of the violation of the laws of any nation, State or province,   *   *   *   then, and in every such case, this policy shall be null and void."

It alleged among other things that the death of the insured was not caused by the breaking of any of the conditions and agreements in either of the policies. This allegation was not required, and all that was essential to make out a cause of action was a statement of the contract, the death of the assured, and the failure to pay as provided. The insertion of an unnecessary allegation in the complaint, which the plaintiff was not required to aver or to prove in order to establish his case, could not and did not deprive the defendant of his right to the affirmative, if such right actually existed. As the allegation referred to was not properly there for the purpose of making out a good cause of action, the complaint must be regarded as if it contained no such averment. The answer of the defendant denied this allegation of the complaint, admits the death, and sets up that the insured died in consequence of a violation by him of the laws of the State of New York, and in consequence of an unlawful assault committed by him upon one Robert H. Berdell. It also admits that the defendant insured the life of Wisner Murray by two policies of insurance, copies of which were annexed to the complaint, and begs leave to refer to the originals thereof when they shall be produced. This allegation we think was not a denial of the policies and did not require their proof. In fact it admitted their existence and validity, simply asking that the originals instead of copies be taken as the contract, which was all the plaintiff

claimed. The only facts which were really to be tried were those averred in the affirmative defense set up that Wisner Murray died in consequence of a violation of the laws of the State. If the defendant introduced no such evidence by the answer which admitted the plaintiff's cause of action she was entitled to recover the amount of the policies.

The defendant had alleged a breach, and unless it was proved no defense was made out, and the plaintiff was not called upon to disprove what had not been established by evidence. No presumption could arise in favor of the defendant without proof that the assured died from a violation of law, and unless this was established the plaintiff would have been entitled to a judgment upon the pleadings. The rule is well established that in an action upon a policy of insurance when the answer admits the issuing of the policy and the allegations in the complaint, and alleges a breach of its conditions, the burden of proof is upon the defendant, and the plaintiff is entitled to recover unless the defendant satisfies the court or jury, by a preponderance of evidence, that the conditions had been broken. (*Jones* v. *Brooklyn Life Ins. Co.*, 61 N. Y. 79 ; *Van Valkenburgh* v. *American Pop. Life Ins. Co.*, 70 id. 605 ; *Elwell* v. *Chamberlin*, 31 id. 611.) There is no ground for claiming that the answer did not admit all that was essential to entitle the plaintiff to a judgment, and there is no such denial of any material fact in the complaint as required any proof on the part of the plaintiff to maintain the action. Merely asking leave to refer to the original policies when produced related to the accuracy of the copies, was not a denial of their terms and conditions, and presented no issue for trial. The plaintiff, we think, would have been entitled to a judgment without their production, and upon the failure of the defendant to prove his affirmative defense that the deceased died in, or in consequence of a violation of law, and after the court had held that the plaintiff was entitled to the affirmative, such testimony could have no effect in determining the right of the defendant to the affirmation.

As for the error stated the judgment must be reversed, and

as a new trial may present a different state of facts, it is not necessary to consider the other questions raised upon the trial.

The judgment should be reversed and new trial granted, with costs to abide the event.

All concur.

Judgment reversed.