### TALLMADGE *v.* PRESS PUB. CO.

*(Supreme Court, General Term, Second Department.* May 11, 1891.)

TRIAL—RIGHT TO OPEN AND CLOSE.

> In an action for damages, where the answer of the defendant does not by its admissions enable the jury without evidence to render a verdict for the amount claimed in the complaint, the burden of proof devolves upon the plaintiff to establish substantial damages, and he is therefore entitled to the opening and close of the case before the jury, notwithstanding the fact that the defendant's answer sets up an affirmative defense.

Appeal from circuit court, Kings county.

Action by Daniel W. Tallmadge against the Press Publishing Company to recover damages for a libelous publication. There was a judgment for the plaintiff, and the defendant appeals. For former reports, see 7 N. Y. Supp. 895; 10 N. Y. Supp. 713.

Argued before BARNARD, P. J., and DYKMAN, J.

*Lowrey, Stone & Auerbach,* for appellant. *Dailey & Bell,* for respondent.

DYKMAN, J. The defendant is a domestic corporation, organized for the purpose of publishing the newspaper in New York city called "The World," and this action is brought for the recovery of damages for the publication of a libel in that newspaper. The cause was tried at the circuit before a jury, and the plaintiff obtained a verdict. The defendant has appealed from the

judgment and from the order denying a motion for a new trial upon the minutes of the court. The article published in the World, upon which the action was based, was libelous, and its publication furnished the plaintiff with a cause of action against the defendant. Upon the merits, therefore, the action is justified, and upon the testimony the verdict is sustained; and, if the record discloses no error in the proceedings upon the trial, the judgment must be affirmed. The defendant asks for a reversal of the judgment and a new trial upon four assignments of error, which we will examine in the order of their presentation.

The first claim is that the judgment should be reversed for improper comments of the trial judge upon the defendant's case and evidence in the presence of the jury, and for the prejudice and bias against the defendant's case, exhibited throughout the trial, whereby the defendant was prejudiced. The specifications under this charge refer to remarks of the judge in assigning reasons for the exclusion or admission of testimony, and it would require an extreme case to justify the reversal of a judgment on that ground. We have examined with care all the remarks to which exception was taken, and we discover nothing beyond the ordinary range of a trial. It is the privilege and duty of a judge at the circuit to control the trial and restrain the testimony within reasonable bounds, and exclude inquiries into remote and collateral subjects, and that seems to have been the effort of the judge upon this trial. We find nothing in the remarks complained of which are beyond the privilege and discretion of a trial judge, or which could legitimately have produced any injurious impression or effect upon the jury.

It is next insisted that the judge erred in the admission and exclusion of testimony, and there are 15 specifications of error under this general point. It is sufficient for us to say that a careful examination of the record shows most of the objections to be frivolous, and none of them valid.

The next insistence is that the judge erred in refusing to allow the defendant to open the case to the jury and to reply in summing up, and it is erroneous to refuse the party holding the affirmative of an issue of fact upon a trial the right to open and close. *Murray* v. *Insurance. Co.*, 85 N. Y. 236. Yet the state of the pleadings in this action did not entitle the defendant to the affirmative. The admissions in the answer were not such as to enable the jury to give a verdict for the plaintiff for the amount claimed in the complaint. It became necessary for the plaintiff to furnish the jury with some testimony upon which a verdict could be based for substantial damages. He had the right to give evidence for the enhancement of his damages beyond such as would be deemed nominal, and for that purpose it was competent to show his general surroundings, and his position in society. *Morey* v. *Association*, 123 N. Y. 210, 25 N. E. Rep. 161. It was proper, therefore, to give the affirmative to the plaintiff upon the trial.

It is lastly insisted that a new trial should be granted for errors committed by the judge in his charge to the jury, and upon this point also we deem it unnecessary to go over the specific claims of the defendant. We find no errors in the charge. The judge was careful to say that all the facts were for the jury, and that the parties had the right to the unbiased view of the jury without any influence from the court. Upon the whole case we find nothing to justify a reversal. The objections raised are all technical, and leave the merits untouched. The action was fairly tried and submitted to the jury, and the judgment and order should be affirmed, with costs.