## LAWRENCE *v.* MYCENIAN MARBLE CO.

*(Common Pleas of New York City and County, General Term.* November 7, 1892.)

1. **ACTION FOR RENT—DEFENSES—EVICTION.**
   Where the defense, in an action for rent, is eviction, the jury will be warranted in finding for defendant, on proof that plaintiff retained charge and control of a freight elevator in the building leased; that the use of such elevator by defendant was part and parcel of the estate demised, and indispensable to its beneficial enjoyment; that defendant was deprived of such enjoyment by plaintiff's mismanagement of and neglect to repair such elevator; and that because he was so denied such enjoyment of the premises he abandoned the same before the rent in suit fell due.

2. **SAME—OPINION EVIDENCE.**
   An opinion as to the cause of breaks in the elevator is inadmissible, where the witness has not examined the elevator himself.

3. **SAME—INSTRUCTIONS—WEIGHT OF EVIDENCE.**
   It is not error to refuse to charge the jury "to disregard all evidence relating to the alleged causes of complaint" prior to a certain date, where evidence of a previous neglect to maintain the elevator is relevant to show that its subsequent inefficiency was not casual or inadvertent.

4. **SAME—IMPROPER EVIDENCE—ERROR CURED.**
   Though it was error to admit evidence of an ammonia nuisance in the building, without proof of plaintiff's connection with the same, such error was obviated by a charge that the jury should disregard such evidence.

Appeal from trial term.

Action by Robert B. Lawrence against the Mycenian Marble Company for rent. From a judgment for defendant, and an order denying his motion for a new trial, plaintiff appeals. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

John H. Cole, for appellant.   Truax & Crandall, for respondent.

PRYOR, J.   The action is for rent, and the defense eviction.   The lease, which was of a loft for a term of three years and seven months, excepts from the demise "the hallway, and the hatch and elevator ways, which are for the common use of all tenants;" and contains a covenant for quiet enjoyment. The answer affirms that "the elevator and proper operation thereof constituted an essential and valuable part of that portion of said building so demised to the defendant, and the beneficial enjoyment thereof;" and alleges that "the plaintiff did, for long periods of time, permit said elevator to be and remain out of repair, and useless, and failed to provide and supply any or adequate service or persons to manage or operate the same, and thereby deprived the defendant of the beneficial enjoyment of the premises occupied by it under said lease;" and that, in consequence of such deprivation, defendant abandoned the premises.   Upon the issue thus raised, defendant assumed the affirmative, and gave evidence in support of the facts alleged as an eviction. On the close of defendant's case, plaintiff made a motion for the direction of a verdict, and duly excepted to its denial.   In disproof of the facts constituting the alleged eviction, plaintiff adduced evidence, and at the close of his case renewed such motion.   To a denial of this motion he duly excepted.

Appellant's main reliance for reversal of the judgment is upon the contention that the evidence was insufficient to support an inference of eviction. But we are to assume the facts involved in the verdict, and they are that the plaintiff retained charge and control of the elevator; that its use by defendant was part and parcel of the estate demised, and indispensable to its beneficial enjoyment; that of such enjoyment the defendant was deprived by plaintiff's persistent mismanagement of the elevator and neglect to repair it; and that, because he was so denied the beneficial enjoyment of the premises, the defendant abandoned them before the rent in suit fell due.   That upon proof of these circumstances the jury were warranted in finding the fact of eviction is hardly a disputable proposition in the jurisprudence of New York. Tallman v. Murphy, 120 N. Y. 345, 24 N. E. Rep. 716; Koehler v. Scheider, (Com. Pl. N. Y.) 4 N. Y. Supp. 611; Bradley v. De Goicouria, 12 Daly, 393, 397; Duff v. Hart, (Com. Pl. N. Y.) 16 N. Y. Supp. 163; Denison v. Ford, 7 Daly, 384; Bank v. Newton, 57 How. Pr. 152, 76 N. Y. 616; Cohen v. Dupont, 1 Sandf. 260; Dyett v. Pendleton, 8 Cow. 728; Edgerton v. Page, 20 N. Y. 281.

Appellant maintains, however, that, in so far as the verdict finds that, by his wrongful act or omission, the defendant was deprived of the benefit of the elevator, it is contrary to the weight of evidence.   We are not of that opinion.   True, the issue was not without proof on either side, but our impression is that the preponderance is rather with the defendant.   At all events, the balance is not so uneven as to suggest that apparent miscarriage of justice which alone authorizes a new trial.   Still, appellant challenges the judgment for error in the admission and exclusion of evidence.   He contends, and rightly contends, that expert opinion is not competent evidence of the law of the forum.   But the question objected to was propounded on cross-examination of the plaintiff, a lawyer witness, and was legitimate, as seeking to impair the effect of his former statement that possession of the premises had not been surrendered.   Moreover, the evidence was immaterial, since the question of a surrender of the premises was not an issue before the jury. The exclusion of evidence of opinion as to the cause of the breaks in the elevator was a correct ruling; because, among other reasons, the question as-

sumed that the witness had himself examined the elevator, whereas the proof was of an inspection by others, and of second-hand information on his part.

Appellant's request for a direction to the jury "to disregard all evidence relating to the alleged causes of complaint prior to 10th November" was rightly refused; because, whatever the effect of the transaction of that day, previous neglect to maintain the elevator was relevant proof that its subsequent inefficiency was not casual or inadvertent.

Unquestionably it was error to admit evidence of the ammonia nuisance without proof of plaintiff's connection with it; but, upon the failure of such proof, the court expunged the evidence from the record, and said to the jury: "I charge you that you must disregard the evidence, * * * and make no allowance" for that nuisance in arriving at a verdict. Thus the error was entirely obviated. *Holmes* v. *Moffat,* 120 N. Y. 159, 24 N. E. Rep. 275; *Gall* v. *Gall,* 114 N. Y. 109, 21 N. E. Rep. 106. The record being free from error, and the verdict founded upon conflicting evidence and a charge of singular clearness and correctness, it results that the judgment must be affirmed.

Judgment affirmed, with costs. All concur.