(10 Misc. Rep. 549.)

HURLIMAN v. SECKENDORF et al.

(City Court of Brooklyn, General Term.  December 24, 1894.)

LANDLORD AND TENANT—ACTION FOR RENT—DEFENSES.

>   In an action for rent, payable each month in advance, it is no defense that the lessor was to furnish heat and steam power throughout the month, and that the lessees could not be compelled to pay rent for that month unless they knew that the lessor would perform his covenant.

Motion for reargument.  Denied.
For decision on appeal, see 29 N. Y. Supp. 740.
Argued before OSBORNE and VAN WYCK, JJ.

Henry I. Meinhard, for appellants.
Jas. C. Foley, for respondent.

OSBORNE, J.  On the trial of this cause plaintiff obtained a judgment in his favor, which, on appeal to the general term of this court, was reversed, on the ground that defendants were improperly denied the affirmative with the right to open and close.  The action was brought on a lease which provided that the rent should be paid monthly in advance.  On leave obtained, both sides have submitted briefs on a reargument of this appeal.  We have given very careful attention to the points submitted by the learned counsel for the plaintiff, but we find nothing in them that affects, or induces us to alter, the views heretofore expressed by us.  We have nothing to do with the financial effects on the plaintiff that our decision may entail, nor can any such consideration be permitted to affect our opinion on the questions of law involved in this appeal.  Nor have we overlooked the plaintiff's contention that the lease was executory in its terms, and that plaintiff could not recover the month's rent sued for until he had first shown that he had complied with his agreement to furnish steam heat, power, etc.  If the rent sued for was payable at the end of the month, then plaintiff would unquestionably have to show, if it was denied, that he had performed all the covenants on his part provided for in the lease; and the authorities cited by him well sustain that position.  But in the present case the par-

ties to the lease plainly covenanted, not that the lessees' payment of the rent for each month should be conditioned on the lessor first furnishing steam heat, power, and so forth for that month, but that the lessees should pay each month's rent "in advance on the 1st day of each and every month." That the lessor had a right to commence suit to recover the month's rent on the 2d day of the month if not paid cannot be disputed, and the lessees could not be heard to allege, as ground of defense to such an action, that the lessor was to furnish heat, steam power, etc., throughout the month, and that they should not be compelled to pay their rent for that month until they first knew whether the lessor would perform his covenant. The plain answer to such a contention would be that the lessees had covenanted to pay their rent in advance on the 1st of each month; that by so doing they had precluded themselves from requiring the performance of any conditions precedent to the payment of the rent, and they would be remanded to their action for damages for any breach of the lessor's covenants. The rights of the respective parties became fixed at the time the cause of action accrued, and plaintiff would seem to have adopted that conclusion, for the summons herein is dated on the 8th day of September, 1890, to recover the rent for that very month. The law on this subject is well stated by Parsons as follows:

"If money is to be paid on a day certain, in consideration of a thing to be performed at an earlier day, the performance of this thing is a condition precedent to the payment. And if the money is to be paid in installments, some before a thing is to be done and some when it is done, the doing of the thing is not a condition precedent to the former payments, but is to the latter. And if there is a day for the payment of the money, and this comes before the day fixed for the doing of the thing, or before the time when the thing, from its nature, can be performed, then the payment is, at all events, obligatory, and an action may be brought for it, independently of the act to be done." 2 Pars. Cont. (6th Ed.) p. 677.

No authority cited by the learned counsel for the plaintiff is in conflict with the foregoing views.

There is no valid foundation for plaintiff's contention that he was bound to prove, as a part of his case, that he had performed all his covenants up to the time that the September rent became due. It was not necessary to allege his performance or nonperformance of anything that had gone before in order to properly plead his cause of action. That rested on the breach of defendants' covenant to pay the September rent on the 1st day of that month; and, even if he saw fit to allege such performance, it was not essential to his cause of action, and consequently he was not bound to produce evidence to sustain such allegation. None of the points urged by the learned counsel for the plaintiff on this motion were overlooked by us in originally deciding the appeal herein. On the contrary, they all had our careful consideration, even if not fully touched upon in our opinion. A further examination, induced by the elaborate brief of the learned counsel for the plaintiff submitted on this motion, has only tended to confirm our views as originally expressed. Motion for reargument is denied, with costs.