(26 Misc. Rep. 695.)

## TRENKMAN v. SCHNEIDER.

### (Supreme Court, Appellate Term.  March 20, 1899.)

1. LANDLORD AND TENANT—ACTION FOR RENT.
    In an action for rent due under a lease providing for its payment monthly in advance, defendant denied that plaintiff had performed his covenant to supply steam to the premises, whereby defendant had been obliged to move. *Held*, that the performance of the covenant was not a condition precedent to defendant's liability for rent, which must be proved by plaintiff in order to recover.

2. SAME—BURDEN OF PROOF.
    Defendant, having the burden of proof to establish an affirmative defense, had the right to open and close.

3. CONSTRUCTION OF LEASE.
    Under a lease of a building for the purpose of the lessee's business providing that the lessor will furnish "steam power equal to ten horse power, * * * and furnish sufficient steam for the whole of the demised premises," the lease is violated if the lessor furnish steam in excess of 10 horse power, thereby rendering the premises unfit for the lessee's business.

4. ADMISSIBILITY OF EVIDENCE.
    Where, in an action for rent, it is shown that plaintiff did not supply the premises with steam, as provided by the lease, it is not reversible error to admit testimony as to the effect of such failure on defendant's machinery.

**5. SAME.**
In an action for rent under a lease providing that the premises were let to defendant "for the purpose of her business," it was claimed by defendant that plaintiff did not supply defendant's machinery with steam. *Held*, that evidence was admissible to show the character of defendant's business, and its requirement as to machinery.

**6. SAME.**
In an action for rent, defendant may show plaintiff's failure to furnish steam in December, January, and February, as a justification of her removal from the premises in the latter part of the following April.

**7. REMOVAL OF TENANT—JUSTIFICATION.**
Failure of the lessor to comply with the lease requiring him to furnish the tenant with steam, heat, and uniform power for her machinery justifies the tenant moving from the premises, and refusing to pay rent.

**8. WITNESSES—IMPEACHMENT.**
Inconsistency of a witness' testimony with that given on a former trial cannot be shown by the record on appeal, but must be established by the transcript of the stenographer's notes supported by his oath on the stand.

**9. REVIEW.**
Where an objection is general, and there existed a reason for sustaining it, the ruling will not be disturbed on appeal.

**10. SAME.**
Error in refusing a charge is not ground for reversal, if the error was corrected in a charge given by the court.

On rehearing.   Affirmed.

For former opinion, see 51 N. Y. Supp. 232.

Reargued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

GIEGERICH, J.   Upon the original argument of the appeal, owing to the peculiar wording of the answer, and because of the admission by defendant's counsel upon the trial that the rent in suit had not been paid, we were misled to the assumption that the defendant had controverted the allegations of the complaint that she had neglected and refused to pay the rent sought to be recovered in this action, when, in point of fact, failure to deny it operated as a tacit admission.   Code Civ. Proc. § 522.   The defendant's breach being thus admitted, it is clear that the decision heretofore announced should not stand, unless the answer contains a denial of a material allegation of the complaint, in which are substantially set forth (1) the plaintiff's ownership of the buildings in question; (2) the lease of the demised premises by the plaintiff to the defendant for three years and two months from the 1st day of February, 1891, at a yearly rental of $2,500, payable monthly in advance; (3) the defendant's covenant to pay the rent reserved, and her entry into possession of the demised premises, and following the exact verbiage; (4) "that the plaintiff has kept all the conditions of said agreement on his part to be performed"; (5) "that the defendant has neglected and refused to pay the rent which became due and payable on the first days of May, June, and July, 1893, respectively, and there is now due and owing to the plaintiff therefor the sum of $625, with interest on $208.33 from May 1, 1893, on $208.33 from June 1, 1893, and on $208.33 from July 1, 1893."

The defendant, by her answer, denies upon information and belief (1) "that the said plaintiff has kept all the conditions of the agreement

referred to in said complaint on his part to be performed, as is alleged
in the fourth paragraph of said complaint"; or (2) "that there is now
due and owing to the plaintiff, as is alleged in the fifth paragraph of
said complaint, the sum of $625, the rent of the premises referred to in
said complaint for the months of May, June, and July, 1893, with
interest thereon, as is claimed in the said fifth paragraph, or that there
is due and owing to said plaintiff any sum whatever for rent or other-
wise"; and, in addition, sets up (3) a constructive eviction by reason
of the plaintiff's failure to supply steam heat and steam power cove-
nanted for in the lease.   It will be seen that the averments so contro-
verted relate to the performance by the plaintiff of the conditions of
the lease, and to the amount claimed to be due.   It is clear, both upon
reason and authority, that these allegations were not essential to the
plaintiff's cause of action, and denial of them by defendant did not
necessitate their proof by plaintiff.   By the terms of the lease, the
rent was payable "in advance on the first day of each month"; and
consequently plaintiff's right thereunder was absolute upon the arrival
of such monthly period, and, notwithstanding that he had covenanted
to do certain things thereafter, their performance was not a condition
precedent to payment.

In 2 Pars. Cont. (8th Ed.) p. 677, the rule is thus stated:

"If money is to be paid on a day certain, in consideration of a thing to
be performed at an earlier day, the performance of this thing is a condition
precedent to the payment; and if the money is to be paid in installments,
some before a thing is to be done, and some when it is done, the doing of the
thing is not a condition precedent to the former payments, but is to the
latter.   And if there is a day for the payment of the money, and this comes
before the day fixed for the doing of the thing, or before the time when the
thing, from its nature, can be performed, then the payment is, at all events,
obligatory, and an action may be brought for it independently of the act to
be done."

The foregoing principles were applied in Hurliman v. Seckendorf,
10 Misc. Rep. 549, 31 N. Y. Supp. 443, where precisely the same ques-
tion as the one under consideration arose; and Osborn, J., speaking
for the court, said (page 550, 10 Misc. Rep., and page 444, 31 N. Y.
Supp.):

"That the lessor had a right to commence suit to recover the month's rent
on the second day of the month, if not paid, cannot be disputed; and the
lessees could not be heard to allege as ground of defense to such an action
that the lessor was to furnish heat, steam, power, etc., throughout the month,
and that they should not be compelled to pay their rent for that month until
they first knew whether the lessor would perform his covenant.   The plain
answer to such a contention would be that the lessees had covenanted to
pay their rent in advance on the first of each month; that, by so doing, they
had precluded themselves from requiring the performance of any conditions
precedent to the payment of the rent, and they would be remanded to their
action for damages for any breach of the lessors' covenants.   *   *   *   There
is no valid foundation for plaintiff's contention that he was bound to prove,
as a part of his case, that he had performed all his covenants up to the time
that the September rent became due.   It was not necessary to allege his
performance or nonperformance of anything that had gone before in order
to properly complete his cause of action.   That rested on the breach of de-
fendants' covenant to pay the September rent on the first day of that month;
and, even if he saw fit to allege such performance, it was not essential to
his cause of action; and, consequently, he was not bound to produce evi-
dence to sustain such allegation."

A further illustration of these principles is furnished by the decision in the case of Murray v. Insurance Co., 85 N. Y. 236, which was an action upon two policies of insurance, each containing the following provision:

"If the person whose life is hereby insured shall * * * die in or in consequence of a duel, or of the violation of the laws of any nation, state, or province, * * * then, and in every such case, this policy shall be null and void."

The complaint there alleged, among other things, that the death of the insured was not caused by the commission by him of any act that could be construed as within the inhibited provisions of the policies. Held, by Miller, J. (page 239), that this allegation was not required, and all that was essential to make out a cause of action was a statement of the contract, the death of the assured, and the failure to pay as provided. This being the state of the pleadings, the affirmative of the issue upon the trial was said to be with the defendant. The allegation with respect to the amount was therefore immaterial, it being nothing more than the statement of a legal conclusion deduced from averred facts. Drake v. Cockroft, 4 E. D. Smith, 34, 36; Emery v. Baltz, 94 N. Y. 411; Conselyea v. Swift, 103 N. Y. 604, 9 N. E. 489; Lamb v. Hirschberg, 1 Misc. Rep. 108, 20 N. Y. Supp. 678; 12 Enc. Pl. & Prac. 1042; Pom. Code Pl. § 530.

It thus appears that neither of the allegations of the complaint so denied by the answer was essential to the maintenance of the plaintiff's cause of action, and consequently such denials presented no issue of a material fact. It is thus apparent that, even had the defendant introduced no proof upon the trial, the plaintiff would have been entitled to a direction in his favor, without being first required to aver or prove the matters so denied. Hence the defendant had the burden of proof upon the only issue raised by the answer, namely, the affirmative defense adverted to, and the right, to open and close the case (Millerd v. Thorn, 56 N. Y. 402; Murray v. Insurance Co., supra); and the trial justice properly accorded her this right. In Millerd v. Thorn, supra, the complaint alleged the partnership of the plaintiffs, and the sale and delivery by them of certain goods. The defendant Thorn, who alone defended, denied the allegation of partnership, but admitted the purchase of the goods as alleged, and then set up an affirmative defense. Held, that denial of the partnership was immaterial, as, if the affirmative defense failed, the plaintiffs were entitled to judgment, whether partners or not, and that the defendants had the affirmative, and the right to open and close the case.

While the admission upon the trial of the nonpayment of the rent in suit, in connection with the stipulation as to the sum total of the plaintiff's claim, with interest, may have been misleading, yet it was wholly unnecessary in view of the fact that the allegation had already been practically admitted by the defendant's failure to deny it. Therefore it was immaterial, and did not affect the defendant's right to the affirmative of the issue. These views entail a consideration of other points raised upon this appeal.

According to the lease, the plaintiff let to the defendant the premises in question, "for the purposes of her business, * * * with

steam power equal to ten horse power"; and the former thereby agreed to furnish to the drying room "so much heat as shall at all times be required, the steam to be furnished by means of a one and one-half inch pipe, extending from the boiler in said premises to said drying room," and, further, to furnish sufficient steam for the whole of the demised premises. The plaintiff's insistence with respect to the clause pertaining to the furnishing of steam power is that if he furnished at least 10 horse power, even though considerably in excess thereof, he did all he was required to do by the terms of the lease. Such, however, in our opinion, was not the intention of the parties litigant, when the lease was executed. The purposes of the defendant's business, according to the undisputed testimony of the witnesses called by the defendant, clearly required uniform power, which could be secured, so far as is shown, only by a uniform rate of rotation of the main shaft; and, if the power furnished by the plaintiff materially exceeded or fell short of the stipulated quantity, then, obviously, there was a failure of performance of said clause of the lease. The proof, in our judgment, amply supports the finding of the jury, as is assumed from their verdict, that the plaintiff failed in a very material degree to conform to the said requirement.

The plaintiff argues that the jury were misled by the testimony adduced regarding the effect upon the movement of the defendant's machinery, which resulted from the failure to supply uniform power; but, as such failure constituted a breach of the plaintiff's contract, there was no reversible error in allowing the consequences of such breach to be shown.

The plaintiff urges that error is predicable upon the admission of testimony respecting the character of the defendant's business, and the requirements thereof, so far as the machinery used therein is concerned; but, as seen, the premises in question were let to the latter "for the purposes of her business," and hence the court below was justified in resorting to oral evidence upon these subjects for the purpose of ascertaining and explaining the intention of the parties.

The plaintiff insists that it was not competent for the defendant to show a failure to supply steam power or heat during December, 1892, January, 1893, and February, 1893, as a justification for her removal from the demised premises in the latter part of April, 1893. We think, however, such testimony was clearly admissible, under the authorities. Thalheimer v. Lempert (Sup.) 1 N. Y. Supp. 470; Tallman v. Murphy, 120 N. Y. 345, 24 N. E. 716; Same v. Earle, 3 Misc. Rep. 76, 23 N. Y. Supp. 17.

There was ample evidence adduced to sustain the finding that the plaintiff failed to furnish, as required by the terms of the covenant on his part, "so much heat as shall at all times be required" in her drying room; and, this considered, in connection with the fact, as found, that the plaintiff also failed to supply a uniform power, the defendant was justified in removing from the demised premises before the expiration of the said term. Koehler v. Scheider (Com. Pl.) 4 N. Y. Supp. 611; Lawrence v. Marble Co., 1 Misc. Rep. 105, 106, 20 N. Y. Supp. 698, and citations; 2 McAdam, Landl. & Ten. Supp. (2d Ed.) § 212.

Frederick C. Henderson, upon being recalled, as a witness on behalf of the defendant, testified:

"Q. Did you testify in the last trial as follows: 'It sometimes happened that Mrs. Schneider's belts slipped off the pulleys, and that Mrs. Schneider or Mr. Schneider called upon Mr. Trenkman to shut down because the belts had slipped off, and when Mr. Trenkman was thus called upon he did shut down. One cause of the slipping of the belts off the pulley was the slackness of Mrs. Schneider's belts.' Did you so testify? A. I don't remember. Q. If you did so testify, was your testimony true? A. It was not. Plaintiff's counsel: I now offer in evidence that part of his testimony at fol. 146, which I have read."

This was objected to by the defendant; the objection was sustained; and the plaintiff noted an exception.

While the plaintiff had a legal right, as claimed, to show that the testimony of the witness on the former trial was inconsistent with his testimony given upon the last trial, yet he could do so only by competent proof. The case on appeal, to which the offer is assumed to have referred, was not evidence of the facts therein contained. These could only be shown by a transcript of the minutes of the stenographer, supported by his oath upon the stand. As the objection was a general one, and a ground in fact existed for the exclusion, the ruling is to be upheld. Tooley v. Bacon, 70 N. Y. 34, 37; Quinby v. Strauss, 90 N. Y. 664; McIlhargy v. Chambers, 117 N. Y. 532, 542, 23 N. E. 561; Baylies, Tr. Prac. 202.

With respect to the plaintiff's exceptions to the charge and refusals at his request, we are of the opinion that none of them present sufficient ground for a reversal. The error, which it is claimed the court committed, in declining to charge plaintiff's first request, was corrected by the charge, which was given immediately thereafter, of plaintiff's second request.

Several other exceptions are referred to in the appellant's brief, to which we have given attention; but, in our opinion, none of them are of sufficient importance to call for a reversal, and consequently the judgment should be affirmed, with costs. All concur.