Pius Wurz, Plaintiff, v. James Watts, Defendant.

(County Court, Oneida County, August, 1911.)

Landlord and tenant: Rent and advances — Rights and liabilities —
     Failure of landlord to supply heat, light or power: Re-entry and re-
     covery of possession by landlord — Summary proceedings — De-
     fenses and grounds of opposition — Tender — Sufficiency.

     Where a room is rented for a barber shop, and the landlord
     agrees to furnish heat and water but fails to perform such agree-
     ment, and the tenant remains in possession, the landlord's breach
     of his agreement does not work a forfeiture of the entire rent, but
     merely confers upon the tenant a right of action for damages or
     recoupment if sued for rent.

     In a proceeding to recover the possession of real property for ·
     nonpayment of rent, it is not enough that the tenant should allege
     his readiness and willingness to pay any rent that may be due;
     but, if any rent whatever is due, the tenant must tender it to be
     relieved from his default.

Summary proceedings.

H. F. & James Coupe, for plaintiff.

Jones, Townsend & Rudd, for defendant.

HAZARD, J.   This is a case of summary proceedings brought by plaintiff to recover possession of certain premises in the town of Deerfield in this county.   The petition alleges that plaintiff's grantor rented a certain room in the village of Deerfield Corners for a barber shop at five dollars per month, and that no rent has been paid since November, 1910, and that there is, therefore, now due thirty-five dollars for rent, which has been duly demanded.   He also alleges the assignment of the lease to him.

The defendant by his answer admits making the lease in question, and that he has possession thereunder, and that payment of rent has been demanded of him.   He, however, denies that there is thirty-five dollars or any other amount due, and for an offset and counterclaim alleges that in and by the terms of the lease the plaintiff's assignor agreed to furnish the defendant water necessary to be used in said barber shop, and to heat the same.   For a separate defense he alleges that, about the month of March, 1911, a precept was issued by a justice of the peace of the town of Deerfield to recover possession of the premises on account of the non-payment of the rent then alleged to be due to the plaintiff, being a part at least of the same cause of action involved here, and that the jury disagreed, and that no further proceedings have been taken, and that said proceedings before said justice constitute a bar and defense to these proceedings.   There is practically no dispute about the facts in this case.   It is clearly established that the plaintiff has not furnished heat and water to the defendant since the 1st of December, 1910, and that the defendant has not since that date paid any rent, and that defendant is now in possession of the demised premises.   It is also established that other summary proceedings were brought by this plaintiff against this defendant during the month of March, 1911.   It is claimed by the defendant that those proceedings are still pending, and that they constitute a bar to this action in this court.

It appears that the proceedings in question were brought to trial before William W. Doyle, a justice of the peace of the town of Deerfield and a jury, and that the trial resulted in a disagreement of the jury. The justice's docket which was put in evidence contains no entry whatever after the memorandum of the disagreement, and it does not appear that any further action whatever was taken. The justice, who was a witness upon this trial, said that after the disagreement the parties all walked out of his court and no judgment was taken or anything else done. Section 3008 of the Code provides that, in case of a disagreement of a jury, the justice may discharge them and issue a new venire returnable within forty-eight hours, unless the parties consent and that consent is entered in the justice's docket book, that the justice may render judgment upon the evidence already before him. It does not appear that anything of that sort was done, but the proceedings seem to have been permitted to go down. I do not think that defendant's contention that plaintiff must be relegated to a retrial of that proceeding is tenable, because, under the section of the Code quoted above, that proceeding is evidently dead. Allen v. Edwards, 3 Hill, 499; Wilcox v. Clement, 4 Den. 160.

We come thus to the merits in the case at bar. The case is a simple one. A landlord, having agreed to do certain things, viz., furnish heat and water to his tenant, makes no pretense of having complied with his agreement. The fact that it was made by his predecessor in interest and assignor of the lease which he now holds makes no difference. It is not even claimed that plaintiff is not bound by the terms of the lease, and he does not even claim that he has furnished the heat and water required by the plain terms of the lease. Under such a state of affairs it would seem that the law should be plain, but the situation presents some difficulties. It is the plaintiff's claim that the defendant must have treated the failure of the landlord to comply with the terms of his lease as a constructive eviction, and he claims there can be no constructive eviction without having surrendered possession of the premises, citing Boreel v. Lawton, 90 N. Y. 297, and numerous other cases. The defendant on the

other hand claims that there has been a partial eviction, viz., that the failure to furnish heat and water amounted to a partial eviction, and cites Barnum v. Fitzpatrick, 27 Abb. N. C. 334, in which it is held that a tenant may refuse to pay rent, although he has been only partially evicted and continues to occupy the remainder of the premises; also Hamilton v. Graybill, 19 Misc. Rep. 521, in which it is held that the entire rent is suspended as long as the partial eviction continues; also Sirey v. Braems, 65 App. Div. 472, and Ferber v. Apfel, 113 id. 723, 724, in which cases it is held that, where a tenant is evicted from a portion of the premises, the landlord cannot maintain summary proceedings for non-payment of rent during the continuance of the eviction.

The question is thus presented as to what is the status of this case at bar, and what are the rights of the parties. It was held in the case of West Side Savings Bank v. Newton, 76 N. Y. 613, that where the use of water was a privilege or easement which constituted a part of the demised premises, and plaintiff caused the water to be shut off, it could not recover rent beyond the time the premises were actually occupied. Defendant having left the premises when the water was shut off, differentiates that case somewhat from the one at bar. My attention is not called to any case exactly similar to this one, but there are very numerous cases in the books in which the landlord has made a breach of his contract to make repairs, and I think those cases are practically analogous to this one. It is said in 18 American and English Encyclopedia of Law (2d ed.), p. 230, that the landlord's general covenant to keep the premises in repair, and the tenant's covenant to pay rent, are generally treated as independent, and, therefore, the failure of the landlord to repair does not work a forfeiture of the rent, where the tenant remains in possession, but merely confers upon the tenant the right of action for damages or recoupment if sued for rent. Newman v. French, 45 Hun, 65; Allen v. Culver, 3 Den. 284; Kelsey v. Ward, 16 Abb. Pr. 98; Thomson-Houston Electric Co. v. Durant Land Improvement Co., 144 N. Y. 34.

The latter case is quite instructive, having to do with a case somewhat similar to the one at bar. On page 44 the court practically overruled the Boreel v. Lawton case cited above (90 N. Y. 297), which held, where there is a cause of action arising out of a breach of a contract contained in the lease which might amount to an eviction, it could not be considered as a counterclaim.

The Thomson-Houston case holds *contra.* It was also said: " The lessee is not bound to give up his lease to avail himself of the landlord's covenants, and the rule that remaining in possession would constitute a bar to his action would defeat one of the very purposes of the rule that covenants of this kind are separate and independent. Such a case is not to be confounded with one where an eviction is relied upon as a defense to an action for rent. Where an eviction is pleaded in such an action, an abandonment or surrender of the premises must be shown, because the general rule is that there can be no eviction, actual or constructive, without abandonment of the premises." The court decided that either the landlord or the tenant, in an action brought by the other, could counterclaim any demand arising under the lease against the plaintiff in the action — the tenant in a suit for rent could recoup any damages for breach of the covenant to repair, and the landlord, if sued by the tenant for a breach of the covenant on his part, could counterclaim the rent reserved by the lease.

It was held in People ex rel. Murphy v. Gedney, 10 Hun, 155, that, where a tenant has been evicted from a substantial portion of the demised premises, such an eviction precludes the recovery of rent accruing subsequently to eviction and while it continues. In Underhill on Landlord and Tenant (vol. 2, § 525), it is said: " For a breach by the landlord of his covenant to repair the tenant has, according to the majority of cases, an election of several remedies.

" *First.* If failure to repair has rendered the premises uninhabitable by the tenant, he may treat the refusal of the landlord to repair as an eviction, and may abandon the premises, and thus escape all liability for the payment of rent.

" *Second.* He may himself repair, and give notice. to his landlord that he will do so and. deduct the cost of the same from the rent.

" *Third.* He may continue to occupy the premises without repairs, and he may then recoup the damages which have been sustained by him through a lack of repair in a counterclaim in an action by the landlord for rent.

" *Fourth.* He may pay rent and sue in a separate action for damages for breach of the covenant to repair."

In the case at bar it appears that the tenant has himself furnished such heat as he has had, and has himself procured the necessary water, and apparently he has acted under the " second " provision stated by Underhill, and quoted above.

It is held in numerous cases in this State that, where a landlord has agreed to make repairs, which seems to me to be analogous to the case at bar, and does not do so, the tenant upon his refusal may make them and charge the expense to the landlord, or he may remove from the premises and sue for damages. Ely v. Fahy, 79 Hun, 67; Myers v. Burns, 35 N. Y. 269; Hexter v. Knox, 63 id. 561.

It seems to me that, in the case at bar, it is fair to consider that under all the circumstances there has been no eviction, but there has obviously been a breach of the contract, which has affected. the rental value of the premises in question, and that defendant is entitled to recoup therefor. The case seems to me to present some points of similarity to that of Newman v. French, 45 Hun, 65, and I think warrants a recoupment of defendant's damages against the plaintiff's claim for rent. I think this is also warranted by the rulings in the Thomson-Houston case cited above.

While defendant in his answer alleges that he has been damaged to the extent of one hundred dollars, upon the trial no such damages were shown; but he testified that the fair rental value of the premises without heat and water was not over two dollars per month, whereas, with heat and water furnished, they would have been worth five dollars per month. Under the rule laid down in Beakes v. Holzman, 128 N. Y. Supp. 33, that measure of damages would be rulable. Plaintiff has not contradicted defendant's testi-

mony, and it stands as the only evidence in the case upon the subject of damages. We thus have a situation of a defendant, who might probably have claimed an eviction and vacated the premises, still retaining possession of the premises and coming into court and conceding that, even in the condition in which the landlord has reduced them to, they are worth two dollars per month, all of which amounts to an admission that he owes rent at two dollars per month from and including December, to and including July, a total of eight months, amounting to sixteen dollars. Defendant testified that he was " ready and willing " to pay any rent that might be due, but I do not think that will suffice. It was held in Jarvis v. Driggs, 69 N. Y. 143, that, if rent is due and unpaid and there is a holding over by the tenant without permission and demand, the landlord is entitled to a warrant of dispossession. See also Durant Land Improvement Co. v. East, River Electric Light ·Co., 6 N. Y. Supp. 659, in which case it was held that, if any rent whatever is due, it must be paid if the tenant wishes to retain his lease, and that the tenant to. be relieved of default must tender what is due; also that the landlord need not demand the exact sum.

I, therefore, reach the conclusion that the defendant is indebted to the plaintiff in the amount of sixteen dollars for the 'past eight months' rent; that due demand has been made therefor, and the same has not been paid or tendered; and that, therefore, the plaintiff is entitled to a warrant dispossessing the defendant, and to a judgment for costs to be taxed.

Judgment accordingly.