WALDORF SYSTEM, INC. *vs.* EMMA J. DAWSON.

JANUARY 13, 1928.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

BARROWS, J. This was an action of trespass and eject-ment to recover the possession of a certain store on Exchange Place in Providence. The basis of the action was alleged breach of covenant in a written lease by non-payment of the stipulated rent for a period of more than fifteen days after it became due. G. L. 1923, C. 385, s. 7. The case was tried before a jury and the Superior Court directed a ver-dict for plaintiff to which action the defendant is here on exception.

The case sought possession of the store held by defendant under a written lease from plaintiff calling for payment monthly in advance of a rental of $583.34.

There is no dispute that the rent for four months prior to May, 1927, was unpaid; that due notice was given of the termination of the lease because of breach of covenant to pay rent; that due notice to quit on June 1 was served upon defendant and that plaintiff duly entered upon the premises to take possession. At the trial, however, plain-tiff's sole reliance was upon the statute for failure to pay the May rent.

The lease contained a covenant that plaintiff should furnish a "reasonable amount of heat for the demised premises." The only defence made was that plaintiff had not sufficiently heated the store. There was no claim that the lack of heat was equivalent to an eviction and the

evidence showed that defendant uninterruptedly did business in the store during the winter of 1926-27 although there was testimony that the store was uncomfortably cold.

The question involved was whether the covenant to pay rent was independent of that to furnish heat. While defendant asserted in the lower court that she was not bound to pay the rent in the absence of the furnishing by plaintiff of sufficient heat, she now admits that she can find no authority to sustain this position. We think the lower court correctly ruled that the covenants were independent. The fact that the monthly rental was payable in advance so indicates. *Trenkmann* v. *Schneider*, 26 Misc. 695. Apart therefrom a landlord's covenant to furnish heat and a tenant's covenant to pay rent are generally held to be independent. 36 C. J. 324, n. 20; *Wurz* v. *Watts*, 73 Misc. 262 (1911); *Durant Land Improvement Co.* v. *East River Electric Light Co.*, 15 Daly, 337 (1889); *Kellogg* v. *Malick*, 125 Wis. 239 (1905). In *Cross* v. *Piggott*, 32 Manitoba 362 (1922), which was not a proceeding for possession but an action for rent reserved in the lease after a tenant had moved out, the case states that the performance of the covenants to pay rent and to furnish heat are not dependent upon each other, and that unless the landlord's failure to furnish heat amounts to an eviction the obligation to pay rent is unaffected. Eviction is said to be "something of a grave and permanent character done by the landlord with the intention of depriving the tenant of the enjoyment of the demised premises." As before noted, there was no eviction in the case at bar.

Nothing contained in this opinion is intended to intimate whether defendant may avail herself of the alleged breach of covenant to furnish heat in a suit for rent now pending in the Superior Court. The case before us was based upon the tenant's wrongful retention of possession. *Cavanaugh* v. *Cook*, 38 R. I. 25. Plaintiff was entitled to possession after defendant's breach of covenant by refusal to pay rent for more than fifteen days after it became due.

Defendant's exception is overruled and the case is remitted to the Superior Court with direction to enter judgment on the verdict as directed.

*Frederick W. O'Connell, Charles E. Tilley, Swan, Keeney & Smith*, for plaintiff.

*Benjamin W. Grim*, for defendant.