that the company had no place of business in the city of New York on the 10th of March, 1897, nor did it have any persons whom it employed in its business in that city on that day, and that it did not pay any wages to, or control or direct, the person who drove the wagon.   After the cross-examination was finished, the plaintiff's counsel attempted to re-examine the witness on that point, and he was asked whether the defendant delivered ale in the city.   This question the court excluded of its own motion.   He was then asked why Mr. Osborne was referred to as agent of the company, if it had no employés in the city.   This was objected to and excluded.   He was then asked, if they had no employés in the city, how it was that they deliver ale in the city which they bill, and for which Mr. Osborne receipts.   That was objected to and excluded.   He was then asked if he did not know as a fact that they sold and delivered ales in the city.   The court excluded that question again of its own motion, and the plaintiff excepted to that, as well as the preceding rulings.   We think each of these rulings was erroneous.   While the witness was nominally the plaintiff's witness, yet he was in the employ of the defendant, and one of its officers; and it is very clear from the evidence that he was entirely devoted to their interest, even to the extent of evading the answers to questions which were put to him by the plaintiff.   The testimony which he gave in response to the counsel of his company was exceedingly important. If true, it would go far to defeat the plaintiff.   The plaintiff was entitled to examine him thoroughly in regard to that testimony by which he was not concluded.   Becker v. Koch, 104 N. Y. 394, 10 N. E. 701. All the questions excluded were within the limits of a proper cross-examination, and it was erroneous not to require them to be answered.

For these errors the judgment and order appealed from should be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action.   All concur. ·

---

(37 App. Div. 491.)

## SULLIVAN v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department.   February 10, 1899.)

1. DIRECTED VERDICT—JUDGMENT ON APPEAL—NEW TRIAL.
    Code Civ. Proc. § 1187, authorizes the court to submit issues to the jury pending a motion to direct a verdict, and thereafter direct such verdict as either party is entitled to, and on appeal requires judgment to be entered in favor of the proper party.   *Held*, that where there were erroneous rulings on the trial, duly excepted to, the appellate division would not render judgment on appeal, but would order a new trial, as authorized by section 1317.

2. SAME.
    Where the court properly submitted the question of negligence and contributory negligence to the jury, and directed it to assess plaintiff's damages, and such issues were found in plaintiff's favor, it was error to direct a verdict for defendant.

3. WITNESSES—IMPEACHMENT—EVIDENCE.
    A policeman made a memorandum of an accident he had seen, which he gave to the desk sergeant, who entered its substance in a blotter. In an action based on the accident, the policeman testified that, after

being subpœnaed, he asked the sergeant to read the entry to him, and that it was correct. *Held* error to refuse to allow witness to read the entry, and state whether it had been correctly read to him, where it differed materially from his testimony; and this, though the original memorandum was not produced.

4. SAME.

In an action based on an accident, a police desk sergeant testified that just before the trial the policeman who had reported it asked him to read his report to him. *Held* error to refuse to allow witness to state whether he read the report to the officer correctly; the latter's testimony concerning the accident differing materially from his report, and he having also testified that the sergeant read the report correctly.

Appeal from trial term, New York county.

Action by Timothy J. Sullivan against the Metropolitan Street-Railway Company. From a judgment for defendant, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

Thomas P. Wickes, for appellant.
Charles F. Brown, for respondent.

INGRAHAM, J. The action was commenced to recover the damages caused by the negligence of the defendant, a street-railway company. Upon the trial, a motion having been made by the defendant at the close of all the evidence for the direction of a verdict, the court, pending the decision of such motion, submitted to the jury four questions of fact raised by the pleadings: First. Was the plaintiff free from any negligence contributing to the happening of the accident? Second. Was the accident caused through the negligence of the defendant? Third. What was the least amount that would compensate the plaintiff for the damages sustained through the happening of the accident? And, fourth, was the car at a standstill when the plaintiff attempted to get upon it? The jury fixed the damages sustained by the plaintiff at $5,639.15, and answered the other questions in the affirmative. Subsequently the court granted the defendant's motion to direct a verdict in its favor, and, upon the verdict so directed, judgment was entered, from which the plaintiff appeals. Upon the argument, counsel for the defendant conceded that this verdict was improperly directed for the defendant, and that the plaintiff was entitled to a new trial. The plaintiff, however, contends that upon this appeal judgment should be directed for him for the amount specified by the jury, as the damages which he sustained as the result of the defendant's negligence. The court submitted these questions to the jury, under section 1187 of the Code of Civil Procedure. That section, as amended by Laws 1895, c. 946, provides that:

"When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to. On an appeal from the judgment entered upon such nonsuit or general verdict, such special verdict, or general verdict, shall form a part

of the record, and the appellate division may direct such judgment thereon as either party may be entitled to."

Section 1317 provides that:

"Upon an appeal from a judgment or an order, the appellate division of the supreme court * * * to which the appeal is taken, may reverse or affirm, wholly or partly, or may modify the judgment or order appealed from, * * * and it may, if necessary or proper, grant a new trial or hearing."

These two sections should be read together, and where special questions have been submitted to and answered by the jury, as provided in section 1187 of the Code, and a verdict has thereupon been directed by the court, upon the appeal from the judgment thereon entered, the record should present to the appellate court all of the objections and exceptions taken by either party to the ruling of the court, and the appellate court has the right either to direct a judgment in favor of either party, or, under the authority contained in section 1317 of the Code, grant a new trial. Where the issues of fact raised by the pleadings have been settled by the jury, as allowed by section 1187 of the Code, the case upon appeal must be disposed of as though such issues had been determined by the verdict of the jury; and this court then is to direct such judgment as either party is entitled to. Where, however, the verdict upon any of the questions submitted to the jury is not supported by the evidence, or is against the weight of evidence, or where there are erroneous rulings upon the trial to which the party against whom the jury have found their verdict upon the issues of fact has taken an exception, or where the amount assessed as damages is either inadequate or excessive, or for any reason appearing upon the record it would be improper to grant a final judgment upon the verdict of the jury upon the issues of fact submitted to them, then, under section 1317 of the. Code, the court should order a new trial.

We think that this case was for the jury, and that the court properly submitted to the jury the question of the defendant's negligence and the plaintiff's freedom from contributory negligence, and directed the jury to assess the damages sustained by the plaintiff. The direction of a general verdict, therefore, for the defendant, was improper.

There was, however, one exception taken by the defendant upon the trial which compels us to direct a new trial. The plaintiff testified that on the morning of January 7, 1896, he started to take one of the defendant's cars to go down town; that he walked from his house to Lexington avenue and Eighty-Second street, then signaled a car going down town; that he was then standing on the southwest corner of Eighty-Second street and Lexington avenue; that the car came to a stop on the corner, and that, as he (plaintiff) attempted to step upon the car, it went ahead with a jerk, and he was caught on the left shoulder, and turned around, after which he became unconscious for a few seconds; that the car continued on its way down town, leaving the plaintiff upon the street; that he (plaintiff) saw the conductor inside of the car, with his hand upon the bell rope, before the car stopped; that, when he regained consciousness, a policeman was holding him. The policeman who assisted him was called by the plaintiff as a witness, and testified that he saw the plaintiff walk-

ing down Lexington avenue; that the plaintiff purchased a newspaper from the news stand on the corner of Eighty-Second street, and came out on the south crossing, and held the paper in his hand, signaling the car to stop; that the car came to a stop, and the witness then saw the car start off again, and saw the plaintiff knocked over near to the curbstone; that he saw the conductor on the inside of the car when the car stopped. The witness, upon cross-examination, stated that, on the same morning, he made a report of the accident at the station house, to the sergeant; this report was a memorandum written by him, and delivered to the sergeant when he got back to the station house; subsequent to the making of such report, the sergeant, at the station house, entered the substance of the report in the blotter; that, upon the day he was first called to attend as a witness, he went to a sergeant at the desk in the station house, and asked to look at the report which he had made on the day of the accident; that the sergeant read it off to him from the blotter, and that it was correct as the sergeant read it; and that the sergeant read it to him as he made it. The blotter was produced in court, and submitted to the witness, and the following question was asked:

"Now, will you turn to that book, and read the last entry on those two pages? I don't say read it aloud. Read it to yourself, and then tell me whether you don't now recognize that that entry on those two pages is the entry which Sergeant McAvoy read to you, and which you recognized as correct."

To that, counsel for the plaintiff objected. The objection was sustained, and the defendant excepted. The entry upon the blotter was marked for identification, is a part of the record, and is as follows:

"Officer John Jordon reports, at 7 a. m., Timothy J. Sullivan, 38 years, residence 115 East 83rd St., slipped and fell in the street, at 82nd street and Lexington avenue, while trying to board a cable car. He received bruises on face and right knee. Conveyed by officer to Presbyterian Hospital."

We think it was error for the trial court to refuse to allow the witness to read this entry in the blotter, and to state whether or not it had been correctly read to him by a sergeant of police a few days before the trial, and which he had testified was a correct statement of the report. that he had made to the sergeant on the morning of the accident. The plaintiff's case depended entirely upon the evidence that the car stopped, and that, while starting to enter, he was thrown down by the sudden starting of the car before he had succeeded in entering. The police officer testified that he saw the car stop, and then start on again, and that it was the starting of the car which threw the plaintiff down upon the street. In the discharge of his official duty, he made a report of the occurrence to his superior officer on the morning of the accident, in which he states that the plaintiff slipped and fell in the street while trying to board a cable car. There is no statement in this report that it was the starting of the car that threw him upon the street, but the statement is that he slipped and fell in the street. The defendant was entitled to cross-examine the police officer as to the report that he made to his superior officer on the morning of the accident; and to prove the terms of that report, so that the jury could see just what statement

the police officer had made shortly after the accident, and consider it in connection with his testimony as to what there occurred. It was quite material for the jury to know that, when he made his report at the station house, he made no mention of the fact that it was the starting of the car that threw the plaintiff upon the ground, and to consider that fact in connection with his testimony given upon the trial. The witness had testified that the report as read to him by the sergeant from the police blotter was a correct statement of the report that he had actually made; and the defendant had the right to show him the entry in the blotter, and to ask him whether the sergeant, when he read to him from the blotter, just before the trial, correctly read what was contained therein, and then to have the entry in the blotter submitted to the jury for their consideration.

The fact that the original memorandum was not produced was not material. This was not a case in which a party is entitled to exclude an entry of a report made by a police officer to his superior officer without proof of the loss of the original memorandum which embodied the report that was made. The question of secondary evidence is not presented. The witness was under cross-examination, and any statement that he had made which tended to contradict or explain his testimony was competent evidence for the defendant as to the weight to be given to his testimony by the jury. It was thus competent for the defendant to prove that the witness made a statement immediately after the accident which omitted a material fact that he had testified to upon the trial. Sergeant McNally, who read this report, was called as a witness, and testified that, on the Thursday before the trial, the police officer who had testified for the plaintiff came to the desk at the station house. The witness was then asked to state whether or not upon that occasion he correctly read what was stated in the blotter, to Jordon, the police officer. That was objected to by the plaintiff; the objection was sustained; and the defendant excepted. We think this was clearly admissible, and that, upon the sergeant's testifying that he correctly read the report in the blotter to the police officer, the record of the report in the blotter was admissible. It was quite material for the jury, in determining the weight which they would give to Officer Jordon's testimony, to consider the report that he made immediately after the accident, as before stated, not only for what the report as a matter of fact did state, but also for what it did not state, viz. that the plaintiff had been thrown off the car while attempting to enter it, or that the car had been a factor in the injury that the plaintiff had sustained. We think that, in the face of the exclusion of this evidence, we would not be justified in directing a judgment for the plaintiff upon the verdict of the jury; as, if the plaintiff had received a verdict below, and the defendant had appealed from the judgment entered upon that verdict, we should have been constrained to reverse the judgment, and order a new trial.

The defendant also claims that he is entitled to a new trial, upon the ground that the damages assessed by the jury were excessive. While the amount of the verdict seems large, to order a new trial it is not necessary to determine the question as to whether or not it

is excessive, as, for the error before referred to, we are required to order a new trial.

The judgment appealed from is therefore reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur, RUMSEY, J., in result.