necessary for him to be a party to that action in order to obtain the rights of those whom he represents, he may still become such by intervening therein."

We find, therefore, no justification for interfering in any way with what has already been decided and disposed of by the courts of the Second department, nor even discussing the findings as made upon the trial herein, although, in passing, it may not be improper to say that, were we to entertain this action, we should feel bound to follow the adjudication of the Second department.

We think that the supreme court should not entertain the action, and that it should, together with this appeal, be dismissed, with costs. All concur.

(63 App. Div. 86.)

### GRIFFITHS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. STREET RAILROADS—NEGLIGENCE—QUESTION FOR JURY.
   Where, in an action against a street-railroad company for injuries, the jury might find from the evidence that the plaintiff, a boy between 7 and 8 years of age, walked out on the track, and stood there 10 or 15 seconds, waiting for a car to pass on a parallel track, being in full sight of the motorman of the car approaching on the track on which he stood, and that no signal was given, the question of defendant's negligence was for the jury.

2. SAME—CONTRIBUTORY NEGLIGENCE.
   The question of plaintiff's contributory negligence was for the jury.

3. SAME—EVIDENCE—PRIVILEGED COMMUNICATIONS.
   A boy, having been injured by a street car, was taken to a near-by drug store, where a physician volunteered his services. About 10 days later he saw the boy at the hospital, and the latter responded to inquiries on the part of the physician as to the details of the accident. *Held*, that the boy was justified in considering the person addressing him a physician, and in answering him freely, and his statements were not admissible against him in an action for his injuries.

   Van Brunt, P. J., and Laughlin, J., dissenting.

Appeal from trial term, New York county.

Action by Harry Griffiths, an infant, by Henry Griffiths, guardian ad litem, against the Metropolitan Street-Railway Company. From a judgment dismissing the complaint (66 N. Y. Supp. 801), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, INGRAHAM, and LAUGHLIN, JJ.

Frederick E. Bullows, for appellant.
Charles F. Brown, for respondent.

INGRAHAM, J. This case comes before us upon an appeal from a dismissal of the complaint upon a trial before a jury. After the testimony was completed the defendant moved to dismiss the complaint upon the ground that the plaintiff had not shown by preponderance of proof that he was free from contributory negligence, and that the accident was caused solely by the negligence of the defendant. The court reserved the decision of this motion until after the jury should have passed upon specific questions submitted to

them.  The jury answered these questions in favor of the plaintiff, finding that the defendant was guilty of negligence, and that the plaintiff was not guilty of contributory negligence, and assessed the damages at $5,000.  After this verdict had been rendered the court granted the defendant's motion to dismiss the complaint, upon which dismissal judgment was entered, and the plaintiff appeals to this court.  The decision of this motion was reserved, under the permission given by section 1187 of the Code of Civil Procedure.  That section provides that:

"When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or require the jury to assess the damage.  After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to."

The first question we have to determine is whether the court correctly dismissed the complaint.  I am satisfied, after a consideration of this testimony, that the question as to the plaintiff's contributory negligence and the defendant's negligence was for the jury.  The jury could find from this testimony that the plaintiff walked out upon the track and stood there 10 or 15 seconds waiting for cars to pass upon the other track, in full sight of the motorman.  This was sufficient time to enable the motorman to stop the car, or at least give a signal of the approaching car to warn the plaintiff.  The jury could find that the car was neither stopped nor a signal given.  Notwithstanding this, the car proceeded until the plaintiff was run over.  This would certainly justify a finding that the motorman was negligent in running down the boy standing upon the track.

As to the plaintiff's contributory negligence, I also think that was a question for the jury.  The plaintiff, at the time of the accident, was between 7 and 8 years old, and the same care is not to be expected of a boy of this age as of one of more mature years.  Considering the age of the plaintiff and the surrounding circumstances, I do not think that he would be said to be guilty of contributory negligence as a matter of law.  The dismissal of the complaint must therefore be reversed.

The complaint having been dismissed, there could be no motion for a new trial, and the questions presented upon such a motion are not before us.  I have, however, examined the record with care, and have come to the conclusion that the verdict was not against the weight of evidence, so that either the court below or this court would be justified in granting a motion for a new trial, if one had been made.

The only remaining question insisted upon by the defendant is the exclusion of the testimony of a Dr. Moorhead, who saw the plaintiff immediately after the accident.  This witness was in the neighborhood.  He was one of the surgeons employed by the defendant.  After the plaintiff was taken to a drug store he went in to see him, and volunteered his services to stop the flow of blood until the ambulance arrived.  He subsequently saw the boy at the hospital 10 days after the accident.  The boy was then in bed in the

ward, and the witness asked him to tell the details of his accident, to which the plaintiff made a reply. He certainly, while thus attending to the boy to stop the flow of blood, occupied to the boy the relation of physician, and when the witness subsequently went into the hospital, after the amputation of the boy's leg, and asked him questions as to the accident, the boy was justified in treating him as a physician who had attended him. His going to the hospital, having no previous acquaintance with the boy, no interest in the case except in his professional capacity, and attempting to obtain from him declarations as to the accident, was unauthorized and impertinent. Declarations made by the person thus severely injured, made to a physician under such circumstances, would certainly be privileged. Except as a physician, he had no business in the hospital. He did not inform the boy that he came as a representative of the defendant, and for the purpose of extracting from him an admission which would tend to relieve the defendant from liability. Under such circumstances, I think the boy was quite justified in considering a person who thus addressed him as a physician, and who answered his questions freely and frankly, without considering that his answers would be used against him as admissions. I agree, therefore, with the learned trial judge that this testimony was correctly excluded, and I think no error was committed upon the trial which justifies us in awarding a new trial. By section 1187 of the Code, before referred to, it is provided that, "on an appeal from the judgment entered upon such nonsuit or general verdict, such special verdict, or general verdict, shall form a part of the record, and the appellate division may direct such judgment thereon as either party may be entitled to." Upon this appeal, therefore, we think the nonsuit should be set aside, and a judgment directed upon the verdict, with costs.

O'BRIEN and PATTERSON, JJ., concur. VAN BRUNT, P. J., dissents.

LAUGHLIN, J. This action is brought to recover for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant in operating a car on its uptown track on Columbus avenue, between Ninety-Third and Ninety-Fourth streets, between the hours of 5 and 6 o'clock p. m., on the 17th day of April, 1899, in consequence of which it is alleged that, while plaintiff was lawfully crossing the avenue in the exercise of due care, he was struck by the car, thrown to the ground, and his ankle was so crushed as to require amputation. The learned trial judge reserved his decision on a motion for a nonsuit at the close of the plaintiff's case, and on a motion for the dismissal of the complaint at the close of all the evidence, and, pending his decision thereon, submitted the material questions of fact to the jury, under section 1187 of the Code of Civil Procedure. The jury found that the injuries were caused by the negligence of the defendant, and that plaintiff was free from contributory negligence, and assessed the damages at the sum of $5,000. The court then further reserved its de-

cision on said motion for a new trial made by defendant upon the minutes of the court upon all the grounds specified in section 999 of the Code of Civil Procedure. Subsequently the motion for a dismissal of the complaint was granted, as was also the motion to set aside the verdict, but a new trial was not ordered. The appeal is from the order entered upon these decisions, which recites that the complaint was so dismissed, and that the motion to set aside the verdict was granted, and also from the judgment entered which dismisses the complaint, pursuant to said order, without awarding a new trial.

The first question, therefore, presented by the appeal is whether the evidence required the submission of the case to the jury. If it did, the judgment dismissing the complaint is erroneous, and must be reversed. If there was any evidence tending to show that plaintiff was free from contributory negligence, and that defendant was guilty of negligence which caused the injuries, the plaintiff thereby established a prima facie case for submission to the jury; and while the court might in a proper case set aside the verdict as against the weight of evidence, and grant a new trial, the complaint could not be dismissed, and the action be thereby terminated without the verdict of a jury, it being now well settled that such controverted questions of fact must be ultimately determined by the jury, and that the court may not usurp the functions of a jury, and finally pass upon questions of fact. McDonald v. Railway Co., 167 N. Y. 66, 60 N. E. 282; Costello v. Railroad Co., 162 N. Y. 608, 57 N. E. 1107; Williams v. Railroad Co., 155 N. Y. 158, 49 N. E. 672.

Plaintiff resided at 101 West Ninety-Third street, that being the northwesterly corner of Ninety-Third street and Columbus avenue. At the time of the accident the plaintiff was 7 years and 9 months old. About 5 o'clock in the afternoon he was sent out on errands by his mother. He first went to Boch's grocery store, which was on the easterly side of Columbus avenue, the third door south of Ninety-Fourth street, about two-thirds of the block north of Ninety-Third street. According to his evidence, after making some purchases at the grocery, he entered a florist's store, which was next door to the south, and made inquiries about some palm plants, and then passed directly out to the curb. He testifies that he stood on the curb a few minutes, watching some men working at a manhole on the same side of the street and a little to the south; that he then started directly across the street to a news stand to get a paper; that when he came near the first or north-bound track he stopped to allow a car to pass northerly thereon; that he then looked to the north and south, and saw a north-bound car at Ninety-Third street, and a south-bound car at Ninety-Fourth street, but none nearer, and, thinking he could get across, he proceeded to cross the north-bound track; that, after stepping upon this track, he paused for the car approaching on the south-bound track to pass, and, it being closely followed by another, he remained on the north-bound track awaiting the passage of the second south-bound car, and while it was passing he looked southerly, and observed a car about three houses, or 50 or 75 feet, distant, approaching rapidly on the track

on which he was standing; that he then turned around to step off the track towards the east, and just as he got turned, and near the edge of the rail, the car struck him, inflicting the injuries complained of. This testimony of the plaintiff is corroborated by that of several other witnesses. Other evidence was offered by the plaintiff tending to show that the car was running at the full speed of the cable, and that its speed was not slackened, nor was any signal or warning given, until after it struck the boy. In these circumstances, the question of plaintiff's freedom from negligence and of defendant's negligence should have been submitted to the jury. McDonald v. Railway Co., supra; Costello v. Railroad Co., supra; Legare v. Railway Co., 61 App. Div. 202, 70 N. Y. Supp. 718; Dunican v. Railway Co., 39 App. Div. 497, 501, 57 N. Y. Supp. 326.

The complaint having been dismissed on the motion for a nonsuit and for its dismissal at the close of the evidence, the decision on which was reserved pending the submission of the special issues to the jury, pursuant to the provisions of section 1187 of the Code of Civil Procedure, the appeal must be determined in accordance with the practice prescribed by that section, which does not contemplate a motion for a new trial or a consideration of the weight of evidence by the trial judge. The motion to set aside the verdict and for a new trial, therefore, which the order shows was entered on the minutes of the court, and granted to the extent of setting aside the verdict but without awarding a new trial, must be disregarded and treated as a nullity; for the court is not, on motion for a new trial, authorized to dismiss the complaint. In accordance with the practice, under section 1187 of the Code, established by the opinion of this court in Sullivan v. Railroad Co., 37 App. Div. 491, 56 N. Y. Supp. 88, the case contains the exceptions taken by the respondent as well as those taken by the appellant, and it becomes our duty to determine whether the verdict should be reinstated or a new trial should be awarded.

If no error was committed upon the trial or in the submission of the case to the prejudice of the defendant, and if the verdict is not against the weight of evidence, or excessive, judgment should be directed thereon in favor of the plaintiff, inasmuch as we have reached the conclusion that the case should have been submitted to the jury. The defendant called Dr. Moorhead as a witness. He testified that he happened to be passing at the time of the accident, and that he rendered first aid to the plaintiff in stopping the flow of blood prior to the arrival of the ambulance; that he had a dispensary appointment to the hospital to which plaintiff was taken, but that he did not attend plaintiff as a physician, or have anything to do with his treatment, other than as stated; that he was a surgeon in the employ of defendant, and 10 days after the accident he called at the hospital to see the plaintiff, whom he had not seen in the meantime, in the interest of defendant; that he asked plaintiff if he remembered seeing him at the drug store, to which the plaintiff replied in the negative; that he did not think plaintiff knew he was a physician, and he did not tell plaintiff he attended him at the drug store, until after plaintiff made the statement to him concern-

ing the accident which was excluded by the court; that he did not talk with plaintiff about his present condition, or about treating him as a physician, but solely as to the manner in which the accident occurred. Under plaintiff's objection, the court excluded the evidence as to what the boy said to the doctor on that subject, and to this ruling defendant's counsel duly excepted. We think this ruling was error. It appeared presumptively that the boy did not remember the witness, or know that he was a physician, and it is clearly shown that the doctor was not treating plaintiff, and that the information was not obtained for the purpose of aiding in his treatment. The statement was therefore voluntarily made, the same as if made to an attendant, nurse, or other employé of the hospital, or to a visitor, and it did not come within the provisions of section 834 of the Code of Civil Procedure, which prohibits a physician from disclosing information acquired in attending a patient professionally, and which was necessary to enable him to act in that capacity.

This error precludes the reinstatement of the verdict, and requires that a new trial be granted, with costs to the appellant to abide the event.