THOMAS JONES, Respondent, *v.* THE BROOKLYN LIFE INSURANCE COMPANY, Appellant.

Where an answer admits the allegations of the complaint, and sets up new matter presenting several distinct issues, but upon the trial no evidence is given by the defendant save as to one of the issues, and the jury, without rendering a general verdict, simply answer specific questions covering the issue contested, upon which the court renders judgment, the irregularity is not one amounting to a mistrial, but is of the character provided for by the provision of the Code (§ 176) prohibiting the reversal of a judgment for matters of form. It is not necessary for the jury to find upon the issues as to which no evidence was given. *Manning* v. *Monaghan* (23 N. Y., 539) distinguished.

In order to raise the question upon appeal, that the discretion of the jury to render a general or special verdict has been interfered with, the objection must be taken upon the trial; a general objection and exception to the submission of certain questions by the court to the jury does not suffice, as it may fairly be inferred in such case that the exception is to the form in which the findings are taken, rather than to an interference with such discretion.

In an action upon a policy of life insurance issued to plaintiff upon the life of another, the answer admitted the issuing of the policy, the

death and proper proof, and alleged various breaches of warranty. The court charged the jury that plaintiff was entitled to recover unless defendant satisfied them by a preponderance of evidence that the conditions on which the policy was issued had been broken. *Held*, no error; that the burden of proof was with defendant; and that it could not claim advantage of the rule applicable where the means of knowledge are peculiarly within the knowledge of the opposite party, which shifts the burden of proof when an apparent case is made out, as it did not appear that the means of knowledge were peculiarly within plaintiff's knowledge.

One of the representations made in the application, and alleged by the answer to be false, was that N., the person whose life was insured, was moderately sober and temperate; no evidence was given on the trial of any knowledge on the part of the defendant at the time of the issuing of the policy as to the habits of N. Defendant's counsel, requested the court to charge that it made no difference whether defendant knew of N.'s habits at that time or not; the court refused so to charge. *Held*, no error; as the request was to charge an abstract proposition.

(Argued May 19, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff, entered at the Circuit, and affirming an order denying a motion for a new trial.

This action was brought upon a policy of life insurance issued by the defendant to the plaintiff, upon the life of one Isaac Newning, on March 12th, 1868.

The complaint, which was in the ordinary form, contained no allegation to the effect that the plaintiff had an interest in the life of Newning, except the statement that he was "a debtor of the plaintiff."

The answer admitted the making of the policy, the regular payment of premiums, Newning's death on March 30th, 1869, notice and proof of death. It further set up, as a defence, that the policy was made under certain representations contained therein and in the application for it, and that it was accepted by the plaintiff on the condition that should any of the representations and statements be found to be untrue in any respect, the defendant should not be liable.

The statements contained in the application were set forth and alleged to be false in the following particulars : 1. That Newning, though stated to be in good health and free from symptoms of disease, was not so at the time application for insurance was made, and had not been for a long time prior thereto. 2. That, though his habits were stated to be moderately sober and temperate, yet, that in fact he used intoxicating liquors excessively and was a common drunkard. 3. That he had disease of the heart, or the symptoms of it. 4. That he had consumption, or its symptoms. 5. That contrary to the representations in the policy, he had had sickness, or disease, within the ten years preceding its execution. 6. That during the five years next preceding the granting of the policy, he had been attended by a physician, etc.

The reply put these allegations in the answer in issue.

At the trial, the only questions on which evidence was given, as far as appears from the printed case, were these : First, the amount of the plaintiff's insurable interest ; second, as to Newning's habits respecting the use of intoxicating liquors.

When the testimony was closed the court submitted three questions to the jury, stating that it would determine the case, except upon those issues. The questions were as follows : First. Was Isaac Newning, on the 11th day of March, 1868, indebted to the plaintiff in any sum of money, and if so, how much ? Second. Had the habits of Isaac Newning, in the use of intoxicating liquors, always been moderately sober and temperate prior to March 12, 1868 ? Third. Did the defendant, at the time this policy was issued, have notice of what the actual habits of Newning were and had been in the use of intoxicating liquors on and prior to that date ? He further instructed them that they need not answer the last question in case they answered the first two in the affirmative. To this submission, in this form, defendant excepted.

The court further charged that the plaintiff was entitled to recover unless the defendants had satisfied them by a preponderance of evidence that the conditions on which the policy

was issued had been broken by the plaintiff. To this proposition the defendant excepted.

The defendant's counsel requested the court to charge the jury that it made no difference whether the company had or had not notice of Newning's habits at the time the policy issued. The court refused so to charge, and the defendant excepted.

The jury answered the first question to the effect that Newning was indebted to the plaintiff to the amount of $1,340. They answered the second question in the affirmative, and to the third made no answer.

The court thereupon gave judgment in favor of the plaintiff for $1,558, with costs. To the giving of judgment in this manner the defendant excepted.

The judgment thus rendered having been appealed to the General Term, together with an order refusing a new trial, they were affirmed; whereupon the defendant appealed to this court.

*Samuel Hand* for the appellant. There was a mistrial of the cause, for which the judgment should be reversed. (Code, § 260; *Manning* v. *Monahegan*, 23 N. Y., 539.) A jury, in a special verdict, should find every fact put in issue by the pleadings. (*Eiseman* v. *Swan*, 6 Bosw., 669; 1 Tiff. & S. Pr., 568; *Kentz* v. *McNeal*, 1 Den., 436; 3 Gr. & W. on N. T. [2d ed.], 1428.) The court cannot take from or control the exercise by the jury of the power conferred by section 261 of the Code to render a general or special verdict, in their discretion. (3 Gr. & W. on N. T. [2d ed.], 1417; *Eiseman* v. *Swan*, 6 Bosw., 669; *Manning* v. *Monaghan*, 23 N. Y., 542.) The question of mistrial can be raised without a formal exception to the proceedings at the Circuit. (23 N. Y., 544; *Cobb* v. *Cornish*, 16 id., 602; *Purchase* v. *Matteson*, 25 id., 211.)

*Osborn E. Bright* for the respondent. The findings submitted to the jury embraced the only issue upon which defendant offered any proof, and the omission to direct a general

verdict for plaintiff, if an irregularity, was purely of form. (*Rockefeller* v. *Donnelly*, 8 Cow., 623; *Burhans* v. *Tibbits*, 7 How. Pr., 21; *Barto* v. *Himrod*, 4 Seld., 483; *Moss* v. *Priest*, 1 Robt., 632; *Williams* v. *Willis*, 7 Abb., 90.)

Dwight, C.   It is claimed by the defendant that there was a mistrial in this cause, or such an irregularity in the conduct of it that the judgment of the court below should be reversed.

The irregularity complained of consists in the fact that the judge submitted three questions to the jury without their going through the form of finding a verdict, either general or special, and on receiving affirmative answers to two of these questions, which made any finding upon the third unnecessary, proceeded to order the entry of judgment. The proceeding was plainly informal, and it is insisted that the irregularity was of such a kind as to amount to a mistrial. On this point is cited the case of *Manning* v. *Monaghan* (23 N. Y., 539). That case, however, does not closely resemble the case at bar in its facts. In that case there were answers to specific questions not covering the whole case like a special verdict, and at the same time there was no general verdict. The case, in this condition, was referred to the court *at General Term* for judgment upon the answers and the questions of law arising in the cause. The court were of opinion that there was no verdict, general or special, but that even if it could be considered that there was a special verdict, motion for judgments must be made, in the first instance, at Special Term or at Circuit. The mistrial consisted in reviewing the case, in the first instance, at General Term. The cases referred to in the opinion of Denio, J., sustain this proposition. (*Cobb* v. *Cornish*, 16 N. Y., 602; *Gilbert* v. *Beach*, id., 606; *Clew* v. *McPherson*, unreported.) These decisions cannot be considered as disposing of the present question, which concerns the effect of this informality in the court of original jurisdiction. The mode of presenting a case for

review at General Term is so specifically pointed out in the Code, that the court felt constrained to follow it, partly on grounds of policy to promote regularity of practice. (Per DENIO, J., p. 544.) The case at bar is rather to be considered as within the rule in *Barto* v. *Himrod* (8 N. Y., 483, 485). In that case there was no general verdict, but simply a special finding by the jury of the value of the property taken under a tax warrant, leaving all the other facts, upon which the legal rights of the parties depended, as stated in the pleadings. The Circuit judge, on this state of the case, decided in the plaintiff's favor, and judgment was entered on his decision, and an appeal then taken to the General Term in the usual manner. The court, after careful consideration, agreed that the facts admitted by the pleadings, together with those found by the jury, presented the whole case in the proper form for the consideration of the court. This case distinctly decides that no special form of verdict is necessary, and that it is only essential that a jury should pass upon such facts as are in issue between the parties. Facts admitted by the pleadings are not in issue and need no action of the jury. In other words, the action of the jury need only be invoked when there is something for them to pass upon.

The case at bar differs from that of *Barto* v. *Himrod* in the fact that there were issues raised in the answer and the reply. Still there was no evidence for the jury to pass upon except as to one of those issues. The question is thus presented, whether it is necessary for a jury to pass upon new matter, set up in the answer and controverted by the reply, as to which no evidence is given. The whole theory on which the common law of pleading rests is, that an issue must be framed on which evidence can be adduced by the parties respectively interested in sustaining it. Greenleaf defined an issue " as a proposition of fact to be tried by the jury *upon the evidence adduced.*" (1 Greenl. on Evidence, § 51.) In the early history of trial by jury, they might come to a conclusion without any evidence to sustain it. It was

at that time held that though no proofs were adduced on either side, yet the jury might bring in a verdict. (Plowden, 12; 1 Levinz, 87.) The oath of the jurors to find according to the evidence was construed to be to do it according to the best of their own knowledge. (Vaughan, 148, 149.) They might thus bring in a verdict from their personal knowledge without hearing extrinsic evidence, or receiving directions from the judge. This doctrine having been wholly exploded, a jury can no longer find on an issue without evidence.

In applying those principles to the present case, it must be held that when a defendant admits the plaintiff's case as made by the complaint, sets up new matter in the answer so as to raise several issues, and gives no evidence on more than one of those issues, there is nothing for the jury to try as to those issues on which he refrains from giving evidence, and accordingly no legal error in failing to give a verdict upon them. The case falls within the theory of *Barto* v. *Himrod*, as the court has the whole case before it, and needs no information from the jury as to any fact necessary to the disposition of the cause.

The former practice was fully as liberal as that which is maintained here. While it was a rule that the jury must find the facts, yet if in this or any other particular the verdict was defective, so that the court was not able to give judgment on it, it will amend not only by the plea roll but by the memory or notes of the judge or of counsel, and even by an affidavit of what was proved at the trial. It is only in the last resort that a new trial is awarded. (1 Tidd's Practice, 662, and cases cited; 2 id., 807.) The amendment might be made in certain cases in the appellate court as well as in the court below. The one hundred and seventy-sixth section of the Code provides " that the court shall in every stage of an action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party and no judgment shall be reversed or affected by reason of any such error or defect." The error in the present case belongs to the

class here provided for and there should be no reversal of the judgment on a mere matter of form.

But it is said by the defendant that the jury under the Code has a discretion to find either a general or special verdict, and that discretion has been interfered with. The jury has had the same discretion from time immemorial. (3 Salkeld, 373). It can only be exercised as has been already shown as to the evidence bearing upon the issues. No complaint at the trial was made that this discretion was interfered with. The exception to the course taken by the judge was general, and may fairly be imputable to the form in which .the findings were taken, rather than to an abridging of the jury's discretion.

Some objections were made to the judge's charge to the jury. One was that the plaintiff was entitled to recover unless the defendants had satisfied them by a preponderance of evidence that the conditions on which the policy was issued had been broken by the plaintiff.

The defendant had set up new matters in its answer. The plaintiff had denied it in his reply. The burden of proof on the pleadings rested with the defendant, and the case was tried on the theory that the affirmative was with it. The judge appears to have meant only that in his remark. The counsel should have called his attention to any defect in the formal statement, and should have asked him to charge according to any more accurate form of expression. It is suggested that the defendant could claim advantage of the rule which applies when the means of knowledge are peculiarly within the reach of the opposite party, and 'that it was only necessary for him to make out an apparent case, and then shift the burden of proof upon the plaintiff. It does not appear, however, that the means of knowledge were peculiarly within the reach of the plaintiff. He was insuring the life of a third person, his debtor, and there is no reason why he should be supposed to be more familiar with the state of that person's health, or his habits, than the defendant. In fact the latter, apparently, had the greater· means of information from the

searching inquiries that it might make of Newning and others, and from the examination made by its own physician. The final objection is, that the court refused to charge the jury that it made no difference, in the defendant's defence, whether it knew Newning's habits or not at the time the contract was made.

There was no issue in the pleadings involving this question, but after the testimony had all been introduced the plaintiff's counsel asked that the reply might be amended so as to allege that the company knew, when the policy was issued, what Newning's habits were as to the use of intoxicating liquors. The judge reserved the question of amendment until the coming in of the verdict upon the questions submitted. While matters were in this condition the request to charge referred to was made and refused. There was no evidence, as the case then stood, that the fact was known to the defendant. The proposition, as it came before the judge's mind, was an abstract question of law, having no foundation either in the evidence or in the issues. The judge rightly refused to charge as requested at that stage of the proceedings, and the whole subject subsequently became immaterial by the finding of the jury that Newning's habits were correctly represented in the application for the policy.

On the whole, the judgment of the court below should be affirmed.

All concur.

Judgment affirmed.