GEORGE A. GERMAIN AND OTHERS, RESPONDENTS, *v.* THE BROOKLYN LIFE INSURANCE COMPANY OF NEW YORK, APPELLANT.

*Policy of life insurance — the breach of a condition must be pleaded and proved by the defendant in an action thereon.*

This action was brought upon a policy of life insurance issued by the defendant, which contained a condition to the effect that if the assured should die by his own hand or act, whether sane or insane, the company should not be liable for an amount greater than the reserve of the said policy. The answer set up a breach of this condition as a defense. The defendant's counsel contended that the burden of proof was on the plaintiffs to show that the defendant did not die by his own hand, and that in case they failed so to do, they could only recover the amount of the reserve.

*Held,* that the court properly refused so to charge ; that it rested upon the defendant to plead and prove the breach of the condition.

APPEAL from a judgment in favor of the plaintiffs, entered on a verdict rendered at the Erie Circuit.

. *John G. Milburn,* for the appellant.

*George Wadsworth,* for the respondents.

SMITH, P. J.:

The action is on a policy of insurance, issued by the defendant upon the life of Charles Germain, the father of the plaintiffs, to the amount of $3,000. The policy contained a condition, to the effect that if the assured should die by his own hand or act, whether sane or insane, the company should not be liable for "an amount greater than the reserve for said policy, computed by the New York standard," which amount, with the interest thereon, was stipulated at the trial to be the sum of $295.01. The answer of the defendant set up that condition, and alleged as a defense to the action that the insured died by his own hand or act. Evidence was given in support of that defence; and evidence was also given tending to contradict that given by the defendant, and tending to prove that the deceased came to his death by accident and not otherwise.

The appellant's counsel contends that the burden of proof was on the plaintiff to show that the deceased did not die by his own act or hand, otherwise there could be no recovery, except for the sum of $295.01, and that the court erred in not so charging as requested, and also in charging that the *onus* was on the defendant of proving that the deceased committed suicide.

We think the contention cannot be maintained. The complaint contained no allegation as to the cause of the death of the assured, and need not have contained any. (*Murray* v. *New York Life Insurance Company,* 85 N. Y., 236.) The fact of suicide was alleged in the answer as an affirmative defense, as must have been done, to enable the defendant to avail itself of it. As the burden of alleging that defense was on the defendant, so also was the burden of proving it. (*Jones* v. *Brooklyn Life Insurance Company,* 61 N. Y., 79; *Van Valkenburgh* v. *American Popular Life Insurance Company,* 9 Hun, 583; S. C. affirmed, 70 N. Y., 605.) As it does not appear from the appeal book that there was any evidence tending to show that the deceased was insane, it follows that if he had killed himself intentionally, such self-killing would have been felonious. To hold that it was incumbent on the plain-

tiffs to show that the assured was not guilty of the crime of self-murder, would amount to a reversal of the legal presumption which regards every man as innocent till he is proved guilty.

The judgment should be affirmed.

HARDIN, J., concurred; BARKER, J., not sitting.

Judgment affirmed.