THE KETCHAM NATIONAL BANK, Appellant, *v.* ARTHUR T. HAGEN, Respondent, Impleaded with Another.

PARTNERSHIP — LIABILITY OF PARTNER ON FIRM NOTE GIVEN FOR PURCHASE OF PROPERTY. Where one of two partners engaged in the bicycle business gave the firm note in part payment of the purchase price of a cement business, the fact that the purchase was made without the knowledge or consent of the other partner does not release the latter from liability when it does not appear that the purchase was made by or for any other person than the firm, or for any other purpose than that of the firm, and it does not appear that he never ratified it or that the firm never took over the new business.

*Ketcham Nat. Bank* v. *Hagen,* 35 App. Div. 630, reversed.

(Argued October 31, 1900; decided November 16, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 17, 1898, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court upon a special verdict of a jury.

The action was to recover upon a promissory note as follows:

" $5,000.00. TOLEDO, O., *June* 30, 1897.

" Six months after date we promise to pay to the order of Arlington U. Betts five thousand dollars at Rochester, N. Y., interest at 6 per cent.

" Value received. F. W. FRANCE & CO."

The complaint alleged that the appellant Hagen and F. W. France at the time of the making of the note were copartners in business in Rochester, N. Y., under the firm name of F. W. France & Company, and as such made and delivered the note to the payee therein named, who indorsed and delivered it to the plaintiff for value received before maturity. Hagen's defense was that he was not a partner, and even if he were, that he was not liable upon the note, because it was given by France in part payment for the purchase price of a cement business which was entirely distinct from the firm business, which was a bicycle business; and that France purchased this

separate business without his — Hagen's — knowledge or consent. The signature to the note was made by France, and he delivered the note to the payee, who indorsed it and had it discounted by the plaintiff before maturity. It was in part payment of a rubber and cement business which France purchased in the name of France & Company. No payment has been made upon it. Upon the trial evidence was given upon the controverted questions, whether Hagen was in fact a partner in the firm of France & Company; whether he knew of the purchase of the new business at the time, and whether Hagen had any connection with it after it was purchased, and the character of the two businesses and how carried on.

Upon the close of the testimony the trial court, without objection from either party, submitted three questions, which, with the answers made by the jury, are as follows:

" Q. Was the defendant, Arthur T. Hagen, on the 30th day of June, 1897, the day of the making of the promissory note in suit, a copartner of F. W. France in the bicycle business carried on at the corner of Main and Cortland streets, in Rochester, N. Y., under the firm name and style of F. W. France & Co. ? A. Yes.

" Q. Was the promissory note in suit made and delivered as part consideration of the purchase of the rubber and cement business of Arlington U. Betts of Toledo, Ohio, by the firm of F. W. France & Co. ? A. Yes.

" Q. Was such purchase made with the knowledge and consent of the defendant Arthur T. Hagen ? A. No."

No general verdict was rendered. The court directed judgment for the defendant, dismissing the complaint upon the merits. The order for judgment was entered four days later, and recited that it was upon the special verdict rendered by the jury.

*Joseph S. Hunn* for appellant. Plaintiff's request for the direction of a verdict should have been granted. (*Cheever* v. *P. R. R. Co.*, 150 N. Y. 59; *S. Nat. Bank* v. *Weston*, 161 N. Y. 520.) Plaintiff, not defendant, was entitled to judgment

on the verdict.   (*Bank of Chittenango* v. *Morgan*, 73 N. Y. 593; *Whitaker* v. *Brown*, 16 Wend. 505; *Drake* v. *Elwyn*, 1 Caines, 184; *S. C. Bank* v. *Alberger*, 101 N. N. 202; *Ex parte Blake*, 1 Ves. 166; *F. C. Nat. Bank* v. *Widener*, 24 App. Div. 330; 163 N. Y. 276; *Lea* v. *Guice*, 13 S. & M. 656.)

*Walter S. Hubbell* for respondent.

LANDON, J.   " A special verdict is one, by which the jury finds the facts only, leaving the court to determine, which party is entitled to judgment thereupon." (Code Civ. Pro. section 1186.)

" In an action to recover money only, or real property, or a chattel, the jury may render a general or special verdict, in its discretion." (Ib. section 1187.)   As there was no objection, it may be assumed that the special verdict was rendered in the discretion of the jury.   It is in other cases than those above mentioned that the court may direct the jury to find a special verdict upon all or any of the issues. (Ib.)   No motion was pending for a nonsuit or for the direction of a verdict when the questions were submitted to the jury, and, therefore, the questions submitted do not come within the provisions of the section relating to that situation.   We assume, therefore, that the questions submitted to the jury covered all the controverted facts deemed by the trial court to be material to the judgment.   This is made clear by the charge of the court that if the purchase of the rubber and cement business was made without the knowledge and consent of the defendant Hagen the plaintiff could not recover.

It is thus settled by the answer to the first question that the defendant Hagen was a partner in the firm of F. W. France & Co. when the firm note was given.   And by the answer to the second question that the firm note was given as part consideration of the purchase of the rubber and cement business by the firm.   Thus both the act of buying and of paying was by the firm.   The firm was a party to the entire transaction.

The further finding by the jury that the purchase was not made with the knowledge or consent of the defendant Hagen, is of itself inconsequent. Each partner was the lawful agent of the other in all matters within the scope of the business of the firm. The first and second findings negative the idea that the purchase was made by or for any other person than the firm, or for any other purpose than that of the firm. Presumably, therefore, the purchase was within the scope of the firm business. There is no finding that it was not. There is no room in the findings for the conclusion that France gave the firm note for his individual purpose. And as he gave the note of the firm for firm purposes, it was immaterial whether Hagen knew or consented to the transaction at the time. It is not found that he never ratified it, or that the firm never took over the new business.

We think the judgment should be reversed and a new trial granted, costs to abide the event.

GRAY, O'BRIEN, CULLEN and WERNER, JJ., concur; PARKER, Ch. J., and HAIGHT, J., dissent.

Judgment reversed, etc.