Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

Howard H. Widener and Charles B. Bechtold, for the People.

Harris, Havens, Beach & Harris, for respondent. ·

WILLIAMS, J. The judgment should be affirmed. An indictment will not lie against a defendant corporation for manslaughter, second degree, for the causing of the death of a human being by culpable negligence, under section 193 of the Penal Code. By section 179, homicide is defined as the killing of one human being by the act, procurement, or omission of another; and then, by section 193, it is provided that such homicide is manslaughter in the second degree when committed (subdivision 3) by the act, procurement, or culpable negligence of any person, which does not constitute the crime of murder nor manslaughter in the first degree. We think the word "person" in the latter section should not be construed as including a corporation, because a homicide can only be committed by a human being

We are asked to construe the definition of "homicide" as meaning the killing of one human being by another person, and thus as including a corporation. We do not so construe it, but rather that the killing must be by another human being. Without discussing this question at length, or considering the decisions of this or other states, or countries, we merely call attention to the fact that there has never yet been a conviction had against a corporation in this state for a criminal homicide, and if such an indictment and conviction is now to be sustained, under any construction of the provisions of the Penal Code, it had better be done by the Court of Appeals, and not by any of the lower courts.

Judgment affirmed. All concur, except KRUSE, J., not sitting.

---

(61 Misc. Rep. 139.)

### JONES v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Special Term, Onondaga County. November, 1908.)

NEW TRIAL (§ 5*)—PROCEDURE AFTER NONSUIT GRANTED.

In an action for personal injuries through the alleged negligence of a servant of defendant, the question whether the person whose negligence caused the injury was a servant of defendant was, pending a motion for nonsuit, submitted to the jury under Code Civ. Proc. § 1187, authorizing the court pending such motion to submit any question of fact to the jury. A finding was made in favor of plaintiff with a verdict for $8,000, and the nonsuit was granted on the ground that there was no evidence justifying a submission to the jury. *Held*, that the court could not thereafter, on motion of defendant to set aside the verdict, review the question of the amount of damages and the weight of evidence.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 8; Dec. Dig. § 5.*]

Action by Grant L. Jones against the New York Central & Hudson River Railroad Company. Verdict for plaintiff. Motion to set aside verdict denied.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Welch & Parsons, for plaintiff.
Hiscock, Doheny, Williams & Cowie, for defendant.

ANDREWS, J.   The plaintiff in this action alleged that he was injured through the negligence of one Cargill, a servant, as he claimed, of the defendant.   At the close of the evidence a motion was made for a nonsuit.   The decision of the motion was reserved, and certain questions of fact were submitted to the jury.   Among them was the following:   Was Cargill at the time of the accident a servant of the defendant?   The jury answered these questions in favor of the plaintiff and assessed the damages at $8,000.   Thereafter the court granted the motion for a nonsuit, on the ground that there was no evidence in the case which justified the submission to the jury of the question as to Cargill.   At the same time the defendant moved to set aside the verdict upon all the grounds specified in section 999 of the Code of Civil Procedure.

What practice should be adopted under such circumstances?   Section 1187 of the Code of Civil Procedure provides:

"When a motion is made to nonsuit the plaintiffs, * * * the court may, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury or require the jury to assess the damages. · After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to.   On an appeal from the judgment entered upon such nonsuit or general verdict, such special verdict, or general verdict, shall form a part of the record, and the appellate division or the court of appeals may direct such judgment thereon as either party may be entitled to."

It follows that if, in this case, the nonsuit was erroneously granted, the Appellate Division may direct judgment in favor of the plaintiff for the amount of damages found by the jury.   There may be, however, evidence, bearing upon the issue of damages or upon the issues of negligence and contributory negligence, improperly admitted or excluded over objections and exceptions taken by the defendant.   If this be so, the Appellate Division would not reinstate the verdict, but would direct a new trial of the action.   It is, therefore, necessary for the respondent to obtain the insertion in the case of any objections made by it and exceptions taken by it which it deems material.   It is also true that if the nonsuit was erroneously granted, and if the case should have been submitted to the jury, still the findings may be against the weight of evidence, or the damages may be excessive. How are these questions to be presented to the Appellate Division in such a manner that a reversal, if it comes, will lead to a new trial and not to a judgment against the defendant?   Must the trial court pass upon these matters, and, if it passes upon them adversely to the defendant, must the defendant except?

I do not think such a course is practical.   I am asked to grant or deny, for instance, the motion made, on the ground that the verdict is against the weight of evidence.   I have already held that, so far as the question whether Cargill was the servant of the defendant is concerned, there was no evidence whatever to support the finding. It would hardly be possible for me, therefore, to hold that the verdict

as to this particular question was not against the weight of evidence. On the contrary, if I grant the motion on this ground, what is the result? Should a new trial be ordered? Should costs—following the usual rule—be imposed on the defendant? In what position is the plaintiff left, assuming that the Appellate Division holds that the nonsuit was improper? There would be the embarrassment of an order setting aside the verdict, yet purely formal and based on a mistaken view of the law. It is purely formal, for the trial court, which has held that there is no evidence at all on this subject, cannot well determine what the weight of evidence is in regard to it, assuming that it is wrong on this proposition. It is based entirely upon a mistaken view of the law; for, if there was evidence which justified leaving the question as to whether Cargill was the servant of the defendant to the jury at all, then very likely the verdict was not against the weight of evidence.

Much the same situation results with regard to the questions raised as to whether or not the verdict was excessive. Assuming that the trial court comes to the conclusion that, if there was to be a verdict at all, the amount found by the jury was too great, the order that results is that a new trial is granted, unless the plaintiff stipulates to reduce the verdict to the amount deemed just by the trial court. Such an order would be plainly ineffectual under the present circumstances. It seems to me, therefore, that the trial court has done all that it should be required to do, and all that it can do effectively, when it has granted the nonsuit. By so doing it has finally disposed of the case so far as it is concerned. The Appellate Division has the whole matter before it. If the nonsuit was erroneously granted, it may direct such judgment in its discretion as either party is entitled to. If, from the review of the evidence which it is necessarily required to make, it finds that the verdict of the jury was against the weight of evidence, it will naturally decline to reinstate the verdict, but will order a new trial upon such terms as it deems just. If, in its opinion, the verdict is excessive, it can order a new trial, unless the plaintiff stipulates to reduce it to the proper sum, and, upon this being done, may order judgment for the plaintiff. Its decision will have a practical effect, and can be rendered without the embarrassment which attends the disposition of these motions by the trial court.

It is true that the Appellate Division may not review questions of the amount of damages and the weight of evidence, when they are raised by an appellant, unless a motion based on these grounds has been made and denied in the court below. But this is a mere rule of practice, depending upon the provisions of sections 999, 1346, and 1347 of the Code. There is nothing sacred about it. There would have been no inherent injustice in the adoption of the opposite rule. At any rate, it has no application to a situation like the present, where the respondent does not appeal, but simply claims that, because of these reasons, it would be unjust to order a judgment against it.

Nor is there any reason, based upon the assumed acquaintance of the trial judge with the witnesses, why he should be required in this particular case to pass first upon these questions. Ordinarily the question of the amount of damages can be determined satisfactorily from

the printed record.  As to the weight of evidence, the action of the judge who has already determined that there is no evidence at all to support a certain claim would be, at best, as has been already suggested, purely formal.  Section 1187 was intended to introduce a valuable change in practice.  It was desired to obviate the necessity of a new trial in every case where the trial court was mistaken as to the law.  It should receive such a construction as will best effectuate this purpose.

There are but two cases in the State which seem to have any bearing.  In Sullivan v. Metropolitan St. R. Co., 37 App. Div. 491, 56 N. Y. Supp. 88, the Appellate Division of the First Department seems to have taken the view I have indicated.  Judge Ingraham says:

"Where the issues of fact raised by the pleadings have been settled by the jury, as allowed by section 1187 of the Code, the case upon appeal must be disposed of as though such issues had been determined by the verdict of the jury; and this court then is to direct such judgment as either party is entitled to.  Where, however, the verdict upon any of the questions submitted to the jury is not supported by the evidence, or is against the weight of evidence; or where there are erroneous rulings upon the trial to which the party against whom the jury have found their verdict upon the issues of fact has taken an exception; or where the amount assessed as damages is either inadequate or excessive, or for any reason appearing upon the record it would be improper to grant a final judgment upon the verdict of the jury, upon the issues of fact submitted to them—then, under section 1317 of the Code, the court should order a new trial."

In Roosevelt v. Nusbaum, 75 App. Div. 117, 77 N. Y. Supp. 457, the Appellate Division in the Third Department takes the view that section 1187 of the Code is rendered useless by such difficulties of practice as are discussed in this case.  The jury answered questions in favor of the defendant and assessed his damages at $500.  Thereafter the court set aside the verdict, and ordered judgment for the plaintiffs for the full amount of their claim.  Upon an appeal it was held that this action was erroneous, but a request to order a judgment in the defendant's favor was refused, first, because the trial judge had set aside the verdict and he might have done so on the ground that it was against the weight of evidence; and, second, as the Appellate Division said, if it ordered the judgment requested by the defendant:

"The plaintiffs will be deprived of their right to review before the trial judge or in this court the verdict of the jury as having been against the weight of evidence or upon any other ground upon which they might challenge the verdict.  For such reason the court has held practically inoperative the provisions of section 1187 authorizing the Appellate Division to grant to either party any judgment to which he may be entitled."

This conclusion would seem to be unnecessary, if, as has been suggested above, there is no reason why the Appellate Division should not consider these questions.  If I am right, the defendant need not make in the trial court motions which that court will refuse to pass upon, and except to its action.  These questions will always be examined by the Appellate Division, in cases where it finds that the nonsuit was erroneously granted, and that it is necessary to determine the judgment to which either party may be entitled.

Ordered accordingly.