SARAH SHERMAN, Appellant, Respondent, *v.* WILLIAM M. LEICHT and Others, Respondents, Appellants.*

Fourth Department, May 10, 1933.

* See 144 Misc. 748.

*Edward A. Wolff*, for the plaintiff.

*Frank J. Ryan*, for the defendants Leicht.

*Arthur S. Evans*, for the defendant Millard.

No appearance for the defendant Edick.

SEARS, P. J.   In the late evening of the 24th day of May, 1931, a motor car driven by the defendant Millard and in which the plaintiff Sherman occupied the seat next to the driver, was proceeding southerly on the westerly side of a concrete road twenty feet in width.   It was dark and rainy.   This car ran into the rear end of a car also on the westerly side of the road.   This second car was owned by the defendant Cora W. Leicht and operated by the defendant William M. Leicht.   In this collision the windshield of the Millard car was broken and plaintiff's face was cut and injured. There is some evidence to sustain a finding that the Leicht car was standing on the pavement and that the rear lamp was not lighted. After this collision both cars stood upon the pavement on the westerly side with a distance of about thirty feet between them. The Millard car was the more northerly of the two.   The plaintiff got out of the car in which she was riding and with the assistance of

the defendants Millard and William Leicht went to a place in front of the Millard car where the headlights of that car shone upon her. This was done to find out what injury the plaintiff had suffered. While she was still standing in front of the Millard car, another motor car driven by the defendant Edick ran into the rear end of the Millard car which was thus forced forward and so struck and ran upon the plaintiff, seriously injuring her.

It is the contention of the plaintiff that the negligence of defendant William M. Leicht in stopping his car on the concrete without a rear light on his car was the legal cause of all her injuries; that the defendant Cora Leicht as the owner of the car is responsible for the negligence of the defendant William M. Leicht; that the negligence of the defendant Millard in failing to keep a proper lookout, and as a result running into the Leicht car, was the cause of all her injuries; that the defendant Edick was similarly negligent in failing to keep a proper lookout and failing to have his car under control and thus running into the Millard car and causing part of plaintiff's injuries, and that she herself was free from contributory negligence. The plaintiff also claimed that the negligence of the defendants William Leicht and Millard as just stated was a legal cause of the following collision between the Millard and Edick cars, and that the plaintiff's injuries resulting from the second collision were also caused by the negligence of defendants Millard and William Leicht in taking her to a position in front of the standing Millard car.

At the close of all the evidence, motions for nonsuit or dismissal were made on behalf of each defendant and each motion was denied. The court after the denial of the motions submitted to the jury sixteen questions in which the court intended to include all the issues of fact involved in the litigation. We will assume that the questions were all inclusive. Exception was taken by each of the defendants to the submission of certain of the questions but not as to the submission of others. The plaintiff excepted to the submission of any questions. The court, however, persisted and the jury answered all the questions. The questions and answers are as follows:

" Question 1: Was the defendant William M. Leicht guilty of negligence which was the proximate cause of the first collision? Answer: Yes.

" Question 2: Was the defendant William D. Millard guilty of negligence which was a concurring cause of the first collision? Answer: Yes.

" Question 3: Was the plaintiff guilty of negligence which contributed to the happening of the first collision? Answer: Yes.

" Question 4: How much damage did plaintiff suffer from injuries received in the first collision? Answer: $500.

" Question 5: Was the defendant Edick guilty of negligence which was the proximate cause of the second collision? Answer: Yes.

" Question 6: Was the defendant Millard after the first collision guilty of any negligence in the operation of his car which was the proximate cause of the second collision? Answer: No.

" Question 7: Was the second collision the natural and probable consequence of the negligence of the defendant Leicht in the first collision? Answer: Yes.

" Question 8: Was the second collision the natural and probable consequence of the negligence of the defendant Millard in the first collision? Answer: Yes.

" Question 9: Was the plaintiff able to exercise reasonable care for herself after the first collision and before the second collision while she was standing in front of the Millard car? Answer: No.

" Question 10: If the plaintiff was unable to exercise reasonable care for her own safety after the first collision and before the second collision, did the defendant Leicht use reasonable care for the protection of plaintiff from further injury? Answer: No.

" Question 11: If the plaintiff was unable to exercise reasonable care for her own safety after the first collision and before the second collision, did the defendant Millard use reasonable care for the protection of plaintiff from further injury? Answer: No.

" Question 12: If the defendant Leicht failed to use reasonable care for the protection of plaintiff after the first collision and before the second collision, was such failure a contributory cause of the collision between the plaintiff and the Millard car in the second collision? Answer: No.

" Question 13: If the defendant Millard failed to use reasonable care for the protection of the plaintiff after the first collision and before the second collision, was such failure a contributory cause of the collision between the plaintiff and the Millard car in the second collision? Answer: No.

" Question 14: If the defendants Leicht and Millard failed to use reasonable care for the protection of the plaintiff after the first collision and before the second collision, did such failure unite and contribute to causing the collision between the plaintiff and the Millard car and to bringing about and causing the injuries which plaintiff sustained in the second collision? Answer: Yes.

" Question 15: If the plaintiff was able to use reasonable care for her own safety after the first collision and before the second collision, was she guilty of negligence which contributed to the

happening of the collision between herself and the Millard car in the second collision? Answer: No.

" Question 16: How much damage did plaintiff suffer from injuries received in the second collision? Answer: $15,966."

After the jury returned its verdict, the plaintiff's counsel moved for the direction of a general verdict against all the defendants in the sum of $15,966, and the motion was granted. Subsequently, the plaintiff moved on affidavits to correct the verdict by changing the answer to question 3 from " yes " to " no " and to increase the judgment by the sum of $500. This motion was denied.

The practice was irregular. This was an action for a sum of money only, and the jury was entitled to render a general or special verdict in its discretion. The discretion belonged to the jury, not to the court or litigants. (Civ. Prac. Act, § 459; *Jones* v. *Brooklyn Life Insurance Company*, 61 N. Y. 79.) This was not one of the cases where the statute authorized the court to require the jury to make special findings. Pending the decision of a motion for a nonsuit or a direction, the court may submit any question of fact raised by the pleadings to the jury, or require the jury to assess the damages. (*Greenpoint National Bank* v. *Gilbert*, 237 N. Y. 19.) In an action other than one to recover a sum of money only or real property or a chattel, the court may direct the jury to find a special verdict upon any or all of the issues. Where the jury finds a general verdict, the court may instruct it to find also specially upon one or more questions of fact stated in writing. All these situations are covered in section 459 of the Civil Practice Act. Here the court improperly took away from the jury its discretion to find a general verdict, but it may be that the practice was acquiesced in by all parties except the plaintiff who is not appealing from the judgment. (*Carr* v. *Carr*, 52 N. Y. 251.) A somewhat similar situation arose in *Ketcham Nat. Bank* v. *Hagen* (164 N. Y. 446) where no exception whatever was taken to the submission of the questions, and upon appeal the court assumed that the questions answered constituted a special verdict rendered in the discretion of the jury. We have determined to overlook the practice irregularity, to construe the defendants' exceptions as relating to the form of the questions only and to treat the verdict as a special one rendered in the jury's discretion.

There are, however, other insuperable obstacles to sustaining the judgment against the defendants William and Cora Leicht and Millard upon the special verdict. By the answers to question 7 and question 8, the jury determined that the second collision was the natural and probable consequence of the negligence of the defendants William Leicht and Millard in the first collision. We

need not pass upon the question whether there was evidence to sustain these answers, because the jury also found that the negligence of the plaintiff contributed to causing the first collision. If so, on the principle underlying the answers to question 7 and question 8, that is, the causal connection between the first and second collisions, such contributory negligence necessarily contributed to the second collision. The contributory negligence of the plaintiff was for the jury. (*Noakes* v. *N. Y. C. & H. R. R. R. Co.*, 121 App. Div. 716; *Nelson* v. *Nygren*, 259 N. Y. 71; *Terwilliger* v. *L. I. R. R. Co.*, 152 App. Div. 168; affd., 209 N. Y. 522.) The judgment in favor of the plaintiff and against the defendants William and Cora Leicht and Millard, therefore, cannot be supported on the finding of any negligence which brought about the first collision.

There is another theory on which the plaintiff seeks to sustain her judgment against the defendants William Leicht and Millard. While the jury found that there was no negligence on the part of Mil'ard in respect to the operation of his car after the first collision which contributed to the second collision still the jury said (Questions 10 and 11) that the defendants William Leicht and Millard failed to use reasonable care for the protection of the plaintiff from further injury and that the plaintiff after the first collision was unable to exercise care for her own protection (Question 9). Here was a new situation to which the doctrine of last clear chance is applicable. (*Woloszynowski* v. *N. Y. C. R. R. Co.*, 254 N. Y. 206.) The acts of defendants William Leicht and Millard claimed to be negligent consisted in taking the plaintiff while she was not able to take care of herself in front of the Millard car into the light of its headlights where she was run down when that car was driven forward by the impact of the Edick car. There was, however, no negligence in the position or equipment of the Millard car. It was protected by a lighted rear lamp. If the plaintiff had remained seated in the Millard car until it was struck by the Edick car, she could not have recovered. She was in no greater danger of her suffering an injury when she was in front of the car than had she been in the car, although perhaps a danger was present of such a possible injury being more serious. In either event, she was very much in the position of a pedestrian on the road carrying a lantern, for she was at all times protected by the rear lamp of the Millard car. When the emergency is considered, the reasonableness of taking her into the light is apparent and the acts of the defendants William Leicht and Millard in what they did are not lacking in reasonable care judged by familiar standards.

The finding of negligence on the part of the defendant Edick is fully sustained by the evidence and the plaintiff's original contribu-

tory negligence under the last clear chance doctrine does not bar her recovery from him.

Nothing is shown in the record which requires us to disturb the order denying the plaintiff's motion to amend the answer to the third question of the jury's verdict and to correct the verdict by increasing it.

The judgment as to the defendant Edick should be affirmed, with costs, and as to the other defendants the judgment should be reversed on the law and the facts and a new trial granted, with costs to the appellants to abide the event. The order denying plaintiff's motion to amend the verdict should be affirmed.

All concur.

As to the defendant Edick judgment affirmed, with costs. As to the other defendants judgment and order reversed on the law and facts and a new trial granted, with costs to the appellants to abide the event. Order denying motion to amend verdict, etc., affirmed.