DAVID BERGMAN et al., Copartners under the Firm Name of WALLKILL VALLEY PANTS COMPANY, Appellants, *v.* SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, Respondent.

(Argued March 21, 1934; decided April 17, 1934.)

*Henry Hirschberg* for appellants. The refusal by the trial court to permit the jury to render either a general or special verdict in its discretion and the submission of particular interrogatories to the jury over plaintiffs' exception, deprived plaintiffs of a trial by jury of the issues in the case contrary to the provisions of section 2 of article 1 of the Constitution of the State of New York. (3 Cooley's Blackstone [4th ed.], *378; *Fuller* v. *Kennebec Mut. Ins. Co.*, 31 Me. 325: *De Vizes* v. *Clark*, 3 A. & E. 506; *Foster* v. *Johnson*, 70 Ala. 249; *Peck* v. *Snyder*, 13 Mich. 21; *Wallingford* v. *Dunlap*, 14 Penn. St. 31; *Florida R. R. Co.* v. *Lessiter*, 58 Fla. 234; *Underwood* v. *People*, 32 Mich. 1; *Greenpoint Nat. Bank* v. *Gilbert*, 237 N. Y. 19; *Socony Burner Corp.* v. *Gold*, 227 App. Div. 369; *Hodges* v. *Easton*, 106 U. S. 408; *Ward* v. *Cochran*, 150 U. S. 597; *Chicago R. R. Co.* v. *Dunlavey*, 129 Ill. 143; *Vermilyea* v. *Palmer*, 52 N. Y. 471.)

*David A. Ticktin, Abraham Kaplan* and *Milton Adler* for respondent. The plaintiffs have not been deprived of a trial by jury. (*Domagalski* v. *Springfield F. & M. Ins. Co.*, 218 App. Div. 187; *Kantor Silk Mills, Inc.*, v. *Century Ins. Co.*, 223 App. Div. 387: *Socony Burner*

*Corp.* v. *Gold,* 227 App. Div. 369; *Klein* v. *Katz,* 200 App. Div. 473; *Craig* v. *Anyon,* 212 App. Div. 55; 242 N. Y. 569; *Smith* v. *Western Pacific Ry. Co.,* 203 N. Y. 499; *People* v. *Dunn,* 157 N. Y. 528; *Carlin* v. *N. Y., N. H. & H. R. R. Co.,* 135 App. Div. 876; *Hoey* v. *Metropolitan St. Ry. Co.,* 70 App. Div..60; *Walker* v. *New Mexico & S. P. R. R. Co.,* 165 U. S. ·593.) The trial justice had the right to follow the procedure outlined in section 459 of the Civil Practice Act and properly exercised that right. (*Hays* v. *Moody,* 2 N. Y. Supp. 385; *Allen* v. *Fulton Motor Car Co.,* 71 Misc. Rep. 190; *Griffith* v. *Metropolitan Street R. Co.,* 32 Misc. Rep. 289; *Davis* v. *Guardian Assur. Co.,* 87 Hun, 414; 155 N. Y. 682.)

CRANE, J. As there is some misunderstanding apparently regarding the meaning of section 459 of the Civil Practice Act, and some confusion in its application, we set forth the section in full in order to analyze its provisions:

" § 459. General and special verdict and special findings. In an action to recover a sum of money only, or real property, or a chattel, the jury may render a general or special verdict, in its discretion. In any other action, except where one or more specific questions of fact stated under the direction of the court are tried by a jury, the court may direct the jury to find a special verdict upon all or any of the issues. Where the jury finds a general verdict, the court may instruct it to find also specially upon one or more questions of fact stated in writing. The special verdict or special finding must be in writing; it must be filed with the clerk and entered in the minutes. When a motion is made to nonsuit the plaintiffs or for the direction of a verdict, the court, pending the decision of such motion, may submit any question of fact raised by the pleadings to the jury or require the jury to assess the damage. After the jury shall have rendered a special verdict upon such submission or shall have assessed the damage, the court may then

pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to. Where a special finding is inconsistent with a general verdict, the former controls the latter, and the court must render judgment accordingly."

The fundamental rule expressive of the common law is that, in an action to recover a sum of money only, the jury may render a general or special verdict in its discretion. (Cooley's Blackstone [3rd ed.], Book 3, *378; *Walker* v. *New Mexico & So. Pac. R. R. Co.*, 165 U. S. 593.) This form of procedure is preserved throughout the entire section and is not modified by what comes after. In any action other than one to recover a sum of money or real property or a chattel the court may direct a jury to find a special verdict upon all or any of the issues. However, where the jury is to find a general verdict, the court may instruct it to find also specially upon one or more questions of fact stated in writing. Up to this point the practice is for the jury to find a general verdict in every action to recover a sum of money only. The judge may ask the jury to find a special verdict upon one or more questions of fact along with the general verdict, but a general verdict there must be. In other cases than those above specified, the court may take a special verdict without requiring a general verdict. These are the fundamental principles and practice universally followed in accordance with the past history of litigation and the provisions of our practice act.

We now come to that portion of section 459 of the Civil Practice Act, which touches upon motions for nonsuit, or the direction of a verdict, and in considering them we must keep in mind the nature of such a motion. The plaintiff, in an action for a sum of money, can only be nonsuited when he has failed to make out a case; when there is no issue of fact to go to the jury. The same applies to a motion for the direction of a verdict,

whether at the end of the plaintiff's case or at the end of the whole case; if there be disputed questions of fact there can be no direction of a verdict. When, therefore, this section states that, pending the decision of such a motion, the court may submit any question of fact raised by the pleadings to the jury, or require the jury to assess the damage, it does not mean to eliminate the former provisions regarding a general verdict. In other words, in an action for a sum of money where there are disputed questions of fact, the court, on reserving the decision on a motion for a nonsuit, cannot call for a special verdict of a single question of fact and thereafter direct a general verdict on the facts. This practice would do away with the general verdict by the jury altogether should the court so desire; at least, it would render the matter discretionary with the court, whereas the law says it is discretionary with the jury.

What, then, is the meaning of the rest of this section which says that, after the jury shall have rendered a special verdict upon such submission, or shall have assessed the damage, the court may then pass upon the motion to nonsuit or direct such general verdict as either party may be entitled to? We take it to mean this: The judge has got to decide the motion for a nonsuit or for a direction of the verdict in behalf of one side or the other. Either plaintiff or defendant may make a motion for a direction of a verdict, which can be granted, as I have above stated, where there are no questions of fact to be decided. The court, therefore, in granting the motion disposes of the case without the aid of the jury. In one instance he dismisses the complaint on the motion for a nonsuit, or, on the other hand, he directs a verdict — a general verdict — either for the plaintiff or the defendant. He must, however, decide the motion.

Should he deny the motion, can he then direct a general verdict on the special finding of fact which he has submitted to the jury, without submitting the whole

case, all questions of fact, to the jury? He cannot. The plaintiff or the defendant in an action for a sum of money is entitled under this section 459 of the Civil Practice Act to have all the questions of fact determined by a jury in a general verdict or a special verdict, according to the discretion of the jury. Where, therefore, the court has denied the motion for a nonsuit or for the direction of a verdict, he must submit to the jury the issues of fact to be decided by a general verdict upon the entire case, even though, pending the decision of the motion, he has called for special findings. In no other way can we preserve to litigants the right to a full jury trial of the issues of fact in actions for a sum of money only. Suppose instead of reserving the motion for a nonsuit or for the direction of a verdict the judge decides the motion on the spot. Could he then submit only one or two special questions and direct a general verdict on the jury's findings? This would be contrary to the practice in jury trials as they have existed at common law and as prescribed by the section we are considering. (*Hoey* v. *Metropolitan Street Ry. Co.*, 70 App. Div. 60; *Sherman* v. *Leicht*, 238 App. Div. 271; *Jones* v. *Brooklyn Life Ins. Co.*, 61 N. Y. 79; *Greenpoint Nat. Bank* v. *Gilbert*, 237 N. Y. 19; *Ketcham Nat. Bank* v. *Hagen*, 164 N. Y. 446, at p. 448.) The most frequent use of the special verdict on the reservation of the motion for a directed verdict is where the court directs a verdict and lets the jury fix the amount. (Carmody's New York Practice, § 418.) The Legislature has before it a bill to amend section 459 of the Civil Practice Act to allow a general or special verdict in any case (See L. 1934, ch. 522).

No constitutional question is involved, merely the interpretation of section 459 of the Civil Practice Act. Provided the issues of fact are decided by a jury the order in which they are submitted is not material. The error here is that the general issue has never been submitted. (*Smith* v. *Western Pacific Ry. Co.*, 203 N. Y. 499.)

There is reason for this practice. We are not following the rule blindly. The answer to a single issue of fact left to the good judgment of twelve men may be influenced, and properly so, by the consideration and determination of all the other facts in the case. It is for this reason we preserve jury trials.

Turning now to the case in hand, we have an action cn a fire insurance policy to recover for a loss occurring in the plaintiffs' factory at Walden, Orange county, N. Y. The plaintiffs are partners, doing business under the name and style of Wallkill Valley Pants Company. The judge, at the end of the case, said that he would reserve his decision on the motion for a direction of a verdict and submit to the jury six questions. The questions were the following:

" Question 1. Did the plaintiffs make and deliver to the defendant sworn false and fraudulent statements that on April 12, 1928, the actual cash value of the property insured was $14,982.09 and that plaintiffs' property in said amount had been destroyed?

" Question 2. Did the plaintiffs make and deliver to the defendant sworn false and fraudulent statements that the plaintiffs had no knowledge of the origin of the fire?

" Question 3. Did the plaintiffs upon their examination pursuant to the policy with intent to induce the defendant to pay plaintiffs a greater sum than any damage suffered swear falsely and fraudulently as to the actual cash value of the insured property at the time of the fire, the damage to the property because of the fire and the cost price of that property?

" Question 4. Did the plaintiffs upon that examination with the same intent swear falsely and fraudulently as to their knowledge (or lack of it) of the origin of the fire?

" Question 5. Did the plaintiffs upon that examination with the same intent swear falsely and fraudulently as to the truth and accuracy of the proofs of loss?

" Question 6. Was the fire of incendiary origin, set with the knowledge, privity, procurement or consent of the plaintiffs or one of them and deliberately caused for the purpose of collecting money from the defendant by reason of its policy of insurance?"

The judge told the jury that, dependent upon their answers, there would be three other questions which he would later submit to them. After being out a long time the jury returned and said that they could not agree, and one of the jurors asked the judge if they answered the first question " no," would they get the second paper — meaning the other questions which the judge said he would submit to them. The jury returned, answering the first, third and fifth questions in the affirmative, and the second, fourth and sixth in the negative, whereupon the judge granted a general verdict for the defendant, not upon the motions made at the end of the case, but upon this special verdict of the jury. Over the objections and exceptions of the plaintiffs' lawyer, he refused to instruct the jury that they in their discretion might find a general verdict.

With the merits of this litigation we are not now concerned. The jury may have answered these questions correctly, and the result reached by the judge may be a just determination, but we are called upon to decide whether the trial has been according to law and in harmony with our jury system as it is preserved to us in our Constitution and Civil Practice Act. Popular notions of the administration of justice may approve any judgment which is considered right, irrespective of the methods by which it was obtained. Experience has taught us, however, that without forms and regulated procedure chaos and confusion soon develop and evils arise which make summary and hasty dispositions more unfair and unjust than the slow but sure methods of the law.

We, therefore, are obliged to reverse this judgment and send the case back for a new trial.

The judgments should be reversed and a new trial granted, with costs to abide the event.

CROUCH, J. (concurring). A brief reference to some historical facts may be of aid in the interpretation of section 459 of the Civil Practice Act.

In the early days of the common law the method of keeping check on the jury was by attaint. Later, in order to permit escape from that hardship, the jury in civil cases was given the privilege of returning a special verdict. That ancient law was incorporated in our Revised Statutes as follows: " No jury shall, in any case, be compelled to give a general verdict, so that they find a special verdict showing the facts, respecting which issue is joined, and therein require the judgment of the court upon such facts." (2 R. S. 421, § 68.)

" Attaints upon untrue verdicts are abolished." (Id. § 69.)

Through successive revisions we thus derive the first sentence of section 459 of the Civil Practice Act.

Another check upon the general verdict of a jury was the old custom of the English judges of quizzing a jury which had returned an unexpected verdict. That custom apparently was adopted early in the judicial history of Massachusetts and extended to other New England States. An analogous method grew up in New York of submitting to the jury special interrogatories, answers to which were to be returned with the general verdict. That practice is referred to and was sanctioned in *McMasters* v. *Westchester Mut. Ins. Co.* (25 Wend. 379), decided in 1841. It was carried into the Code of Procedure of 1848 where section 216 provided that the court " may instruct [the jurors], if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon."

The special verdict which the jury in its discretion may render is one thing, and the special finding upon the

direction of the court in connection with the general verdict is another. The special verdict is in lieu of a general verdict and constitutes the sole basis of judgment. The special findings are merely in aid of a general verdict and a check upon it. If there is any inconsistency between the general verdict and the special finding, the latter is (Civ. Prac. Act, § 459) and since 1848 (Code of Pro. §§ 217, 262; Code Civ. Pro. § 1188) has been controlling. (See, generally, Green, "A New Development in Jury Trial," 13 American Bar Association Journal, 715, and authorities there cited.)

The portion of section 459 of the Civil Practice Act with which we are here concerned, relating to the submission of special questions pending a motion for nonsuit or for a direction of a verdict, came into the statutes in 1895 by amendment (Laws of 1895, ch. 946) to section 1187 of the Code of Civil Procedure. The submission there authorized is not in aid of the motion, which involves questions of law only. Its object, and its only object, like that of section 461 of the Civil Practice Act, is to obviate the necessity of a new trial in a case where the trial court was mistaken as to the law. (*Jones* v. *N. Y. C. & H. R. R. R. Co.*, 61 Misc. Rep. 139, opinion by WM. S. ANDREWS, J.; see, also, 25 Columbia Law Review, 775.)

It is clear that the practice followed at the trial in this case was not within the scope of the statute. To a cause of action upon a fire insurance policy, defendant interposed certain affirmative defenses relating to fraud and to incendiarism by the assured. Plaintiffs moved at the close of the case to dismiss the several defenses, and defendant moved for a nonsuit for failure to prove sufficient facts. The court reserved its decision on the motion for nonsuit, denied the motion to dismiss the defenses and submitted to the jury special questions relating only to the defenses. The jury by its answers to three of the special questions found the plaintiffs guilty

of fraud vitiating the policy. Thereupon the court, in view of those answers, directed the jury to find a general verdict in favor of the defendant for no cause of action. There is no authority, statutory or otherwise, for the practice thus pursued, over the plaintiffs' objection. What may be done by consent under reserved motions is another matter. (See *Bail* v. *N. Y., N. H. & H. R. R. Co.*, 201 N. Y. 355.)

I, therefore, concur for reversal and for a new trial.

POUND, Ch. J., LEHMAN, O'BRIEN and HUBBS, JJ., concur with CRANE, J.; CROUCH, J., concurs in separate opinion in which all concur; KELLOGG, J., not sitting.

Judgments reversed, etc.