Callahan, J.
The defendants jointly purchased the real property at 165 Madison Avenue, New York City, for the purpose *421 of occupying portions of the premises for their own use. The plaintiff was dispossessed from the second floor loft and eventually vacated on December 31, 1946. Thereafter, and on February 18, 1947, this action was commenced to recover damages as provided in subdivision (d) of section 8 of the Commercial Eent Law (L. 1945, ch. 3, as amd.).
When the plaintiff vacated the premises, the evidence shows that it was necessary to repair the floors and walls injured by the removal of the plaintiff’s machinery. This work was done early in January, 1947. Later in the same month a contract was let for the alteration of the premises for occupancy by the defendant Glamour-Wear Manufacturing Co., Inc. (hereinafter called “ Glamour-Wear ”). The alterations, however, were not completed for some time. The proof is conflicting as to whether Glamour-Wear actually moved into its new space in the building and actively conducted any part of its business in the premises within the thirty-day period required under the law. At any rate, it is clear that about May 1, 1947, Glamour-Wear did actually occupy and carry on its entire business from the loft formerly used by the plaintiff.
On the trial the jury was asked to return a special verdict on three questions submitted by the court. No general verdict was sought, and none of the questions involved a direct inquiry as to whether the plaintiff could have obtained comparable space elsewhere in which to conduct his business. This, of course, would have some bearing on the damages allegedly resulting from the sale of the plaintiff’s machinery and loss of profits. Not only do such damages as awarded by the jury appear excessive and its answers to the framed questions relating to damages contrary to the weight of the evidence, but these items could not be considered at all without first determining the issue of fact whether the plaintiff could have obtained other premises or quarters suitable for his business needs and purposes. A special verdict must find all the facts necessary to judgment and leave to the court only questions of law. Otherwise, any judgment entered thereon is insupportable and must be set aside. (See Brown v. Steamship Terminal Operating Corp., 267 N. Y. 83; Bergman v. Scottish Union & Nat. Ins. Co., 264 N. Y. 205; People v. Williamsburgh Turnpike Road & Bridge Co., 47 N. Y. 586; Langley v. Warner, 3 N. Y. [3 Comst.] 327; Hill v. Covell, 1 N. Y. [1 Comst.] 522; Casey v. Dwyre, 15 Hun 153.)
Since a new trial is necessary in any event, we also take occasion to point out that the case was tried on an erroneous theory or view of the applicable law. The general issue of the *422 defendants’ good faith in seeking possession of the premises for their own nse was never tendered to the jury. This was because the trial court on motion of the defendants struck all testimony bearing on good faith other than proof relating to de facto occupancy by the defendants and active conduct of business in the premises within thirty days subsequent to dispossessing the plaintiff. Accordingly, the jury was simply asked to decide as a basis for an award of damages to the plaintiff whether Glamour-Wear failed to occupy and actively conduct its business in the space vacated by the plaintiff within the statutory period aforesaid. The construction thus placed on the statute appears too narrow. It necessarily resulted in making the case turn on a factor only evidentiary of the landlord’s good faith instead of the ultimate issue of good faith itself in seeking possession of the premises occupied by the tenant. As indicated in Kauffman & Sons Saddlery Co. v. Miller (298 N. Y. 38), the landlord’s breach of the statutory condition in failing to occupy within thirty days and carry on business in the space surrendered by the tenant is only some evidence on the issue whether he had initially acted in good faith in seeking the premises for his own use. Other evidence might well establish the existence of good faith on the part of a landlord, even though for some reason beyond his control he might be unable to make literal compliance with the terms of the statute in respect to occupancy and conduct of business in such space within the specified period of time.
The judgment appealed from should be reversed and a new trial ordered, with costs to the appellants to abide the event.
Glennon, J. P., Cohn, Van Voobhis and Shientag, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellants to abide the event.